JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Phone: (303) 844-1479 / Fax: (303) 844-1375
Email: Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, *et al.*,<br>Plaintiffs,<br>vs.<br>U.S. FISH AND WILDLIFE SERVICE, *et al.*,<br>Federal Defendants. | Case. No. 4:21-cv-00344-JSW<br><br>Related Case No. 4:21-cv-00349-JSW<br>4:21-cv-00561-JSW<br><br>**FEDERAL DEFENDANTS' ANSWER** |

Federal Defendants the U.S. Fish and Wildlife Service ("FWS") and Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior ("DOI"),[1] provide the following Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF 1) ("Complaint").[2]

[1] Debra Haaland is automatically substituted for David Bernhardt pursuant to Fed. R. Civ. P. 25(d).

[2] Plaintiffs' claims are reviewed under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. § 706. In accord, "there are no disputed facts that the district court must resolve. That court is not required to resolve any facts in a review of an administrative proceeding." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). The Court instead sits as an appellate tribunal and determines, as a matter of law, whether the facts found by the agency and the agency's decision as a whole are supported by the administrative record. *Id.* The allegations of fact in the Complaint and any responses contained in this Answer are not relevant to judicial review. Federal Defendants nonetheless respond to the numbered paragraphs of Plaintiffs' Complaint.

1. In response to the allegations in Paragraph 1, Federal Defendants admit only that, on November 3, 2020, FWS issued a rule titled Endangered and Threatened Wildlife and Plants; Removal of the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife, 85 Fed. Reg. 69,778 (Nov. 3, 2020) ("Delisting Rule"). To the extent the allegations in Paragraph 1 characterize the Delisting Rule, it which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. The remaining allegations in Paragraph 1 are characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in the first and second sentences of Paragraph 2 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. Federal Defendants admit the allegations in the third sentence of Paragraph 2.

3. In response to the allegations in Paragraph 3, Federal Defendants admit that Congress passed the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq*., in 1973 and that gray wolves were among the first species to be listed by the Secretary of the Interior. The phrase "alarmed by the pace of species' decline" is too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. The remaining allegations in Paragraph 3 characterize *Tenn. Valley Auth. v. Hill*, 437 U.S. 153 (1978), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the case are denied.

4. Federal Defendants admit the allegations in the first and second sentences of Paragraph 4. The allegations in the third sentence of Paragraph 4 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. Federal Defendants deny the allegations in the fourth sentence of Paragraph 4.

5. The allegations in Paragraph 5 characterize FWS's prior regulatory actions related to gray wolves, a summary table of the actions in the Delisting Rule, *see* 85 Fed. Reg. at 69,780-81 (Table 1), and unspecified court opinions considering some of those action, all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain

language, meaning, and context of the prior regulatory actions, Table 1, and court opinions are denied.

6. The allegations in the first sentence of Paragraph 6 are characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 6, which also characterize a provision of the ESA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations in the third, fourth, and fifth sentences of Paragraph 6. The allegations in the sixth sentence of Paragraph 6 are characterizations of Plaintiffs' Prayer for Relief, to which no response is required. Federal Defendants deny the remaining allegations in the sixth sentence of Paragraph 6.

7. The allegations in the first sentence of Paragraph 7 state legal conclusions and contain characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied. In response to the allegations in the second sentence of Paragraph 7, Federal Defendants admit that they received a letter from Plaintiffs dated November 5, 2020, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the letter are denied. The remaining allegations in the second sentence of Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegation that they violated the law. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the remaining allegations in Paragraph 8, and therefore deny the allegations.

9. The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack

knowledge or information to ascertain the truth or falsity of the remaining allegations in Paragraph 9, and therefore deny the allegations.

10A. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 10A, and therefore deny the allegations. The allegations in the fourth and fifth sentence of Paragraph 10A are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. Federal Defendants admit the allegations in the sixth and seventh sentences of Paragraph 10A. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the eighth, ninth, and tenth sentences of Paragraph 10A, and therefore deny the allegations. Federal Defendants admit the allegations in the eleventh sentence of Paragraph 10A, which also characterize Defenders' comments, which speak for themselves and are the best evidence of their contents.

10B. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, seventh, and ninth sentences of Paragraph 10B, and therefore deny the allegations. In response to the allegations in the eighth sentence of Paragraph 10B, Federal Defendants admit only that the Center for Biological Diversity submitted comments during the public comment period for the proposed delisting rule. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the remaining allegations in the eighth sentence of Paragraph 10B, and therefore deny the allegations.

10C. Federal Defendants are without knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 10C, and therefore deny the allegations. Federal Defendants admit the allegations in the eighth sentence of Paragraph 10C.

10D. Federal Defendants are without knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, and fourth sentences of Paragraph 10D, and therefore deny the allegations. Federal Defendants admit the allegations in the fifth sentence of Paragraph 10D.

10E. Federal Defendants are without knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 10E, and therefore deny the allegations. In response to the allegations in the eighth sentence of Paragraph 10E, Federal Defendants admit only that NPCA submitted comments during the public comment period for the proposed delisting rule. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the remaining allegations the eighth sentence of Paragraph 10E and therefore deny the allegations.

10F. Federal Defendants are without knowledge or information to ascertain the truth or falsity of the allegations in the first, second, third, fourth, sixth, seventh, eighth, and ninth sentences of Paragraph 10F, and therefore deny the allegations. In response to the allegations in the fifth sentence of Paragraph 10F, Federal Defendants admit only that HSUS submitted comments during the public comment period for the proposed delisting rule. The remaining allegations in the fifth sentence of Paragraph 10F are too vague and ambiguous to permit a response or characterize the comments, which speak for themselves and are the best evidence of their contents.

11. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 11, and therefore deny the allegations.

12. Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations in the first, second, and fourth sentences of Paragraph 12, and therefore deny the allegations. In response to the allegations in the third sentence of Paragraph 12, Federal Defendants lack knowledge or information to ascertain the truth or falsity of the allegations regarding the intentions of members of the plaintiff groups and therefore deny the allegations. Federal Defendants deny the remaining allegations in the third sentence of Paragraph 12.

13. Federal Defendants deny the allegations in Paragraph 13.

14. Federal Defendants deny the allegations in Paragraph 14, which also state legal conclusions to which no response is required.

15A. In response to the allegations in Paragraph 15A, Federal Defendants admit only that FWS is an agency within the U.S. Department of the Interior to which the Secretary of the

Interior has delegated authority to administer the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 15A state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15B. In response to the allegations in Paragraph 15B, Federal Defendants admit that David Bernhardt was the Secretary of the Interior at the time the Complaint was filed, but deny that he is the current Secretary and aver that Debra Haaland is the Secretary of the Interior. Federal Defendants further admit only that the Secretary has responsibility for implementing and fulfilling certain duties of the Department, including the administration of the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 15B state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. The allegations in Paragraph 16 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

17. The allegations in Paragraph 17 characterize the ESA and its legislative history, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or S. Rep. No. 97-418 are denied.

18. The allegations in Paragraph 18 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

19. The allegations in Paragraph 19 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

20. Federal Defendants admit the allegations in Paragraph 20 and further aver that gray wolves are highly territorial, social animals and group hunters that normally live in packs of 7 or less but can attain pack sizes of 20 or more wolves.

21. Federal Defendants admit the allegations in first sentence of Paragraph 21. In response to the allegations in the second sentence of Paragraph 21, Federal Defendants admit only that wolf populations are self-regulating and are generally limited by prey availability only in areas with minimal human presence. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 21. The allegations in the third sentence of Paragraph 21 characterize unnamed studies of gray wolves, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the studies are denied.

22. The allegations in the first sentence of Paragraph 22 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. Federal Defendants admit the allegations in the second sentence of Paragraph 22. The allegations in the third, fourth, and fifth sentences of Paragraph 22, including footnote 1, characterize FWSs' Final Rule To Reclassify and Remove the Gray Wolf From the List of Endangered and Threatened Wildlife in Portions of the Conterminous United States, 68 Fed. Reg. 15,804 (April 1, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the April 1, 2003 rule are denied.

23. The allegations in Paragraph 23 characterize FWS regulatory actions related to gray wolves, published at 32 Fed. Reg. 4,001 (March 11, 1967); 38 Fed. Reg. 14,678 (June 4, 1973); 39 Fed. Reg. 1,171 (January 4, 1974); 41 Fed. Reg. 17,736 (April 28, 1976); 41 Fed. Reg. 24,064 (June 14, 1976); and 43 Fed. Reg. 9,607 (Mar. 9, 1978), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those regulatory actions are denied.

24. Federal Defendants deny the allegations in the first and second sentences of Paragraph 24. The remaining allegations in Paragraph 24 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

25. The allegations in the first sentence of Paragraph 25 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. Federal

Defendants deny the remaining allegations in Paragraph 25, which also characterize unnamed court decisions, which speak for themselves and are the best evidence of their contents.

26. The allegations in the first sentence of Paragraph 26 characterize FWS's April 1, 2003 Final Rule, 68 Fed. Reg. 15,804, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the April 1, 2003 rule are denied. The allegations in the second sentence of Paragraph 26 characterize two court decisions, *Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156, 1170–72 (D. Or. 2005) and *Nat'l Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553, 564–65 (D. Vt. 2005), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

27. The allegations in the first sentence of Paragraph 27 characterize prior regulatory actions related to gray wolves, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the prior regulatory actions are denied. The allegations in the second sentence of Paragraph 27 characterize five court decisions, *Humane Soc'y of the U.S. v. Kempthorne*, 579 F. Supp. 2d 7 (D.D.C. 2008); *Defenders of Wildlife v. Hall* 565 F. Supp. 2d 1160 (D. Mont. 2008); *Humane Soc'y of the U.S. v. Salazar*, No. 09-1092-PLF (D.D.C. 2009); *Defenders of Wildlife v. Salazar*, 729 F. Supp. 2d 1207 (D. Mont. 2010); *Humane Soc'y of the U.S. v. Jewell*, 76 F. Supp. 3d 69 (D.D.C. 2014)*, aff'd* 865 F.3d 585 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

28. In response to the allegations in the first sentence of Paragraph 28, Federal Defendants admit only that in 2011 FWS reissued its 2009 rule delisting gray wolves in the Northern Rocky Mountains, except for Wyoming. 76 Fed. Reg. 25,590 (May 5, 2011). The remaining allegations in the first sentence of Paragraph 28 characterize a congressional action, Department of Defense and Full-Year Continuing Appropriations Act, Public Law 112-10 (2011), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Act are denied. In response to the allegations

in the second sentence of Paragraph 28, Federal Defendants admit only that in 2017 FWS issued a rule reinstating its 2012 rule delisting the gray wolf in Wyoming, 82 Fed. Reg. 20,284 (May 1, 2017). The remaining allegations in the second sentence of Paragraph 28 characterize a court decision, *Defenders of Wildlife v. Zinke*, 849 F.3d 1077 (D.C. Cir. 2017), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

29. The allegations in the first sentence of Paragraph 29 characterize FWS's Proposed Rule Removing the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife, 84 Fed. Reg. 9,648 (Mar. 15, 2019) ("Proposed Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied. In response to the allegations in the second sentence of Paragraph 29, Federal Defendants admit only that they received over 1.5 million comments on the Proposed Rule, and that they held an open house and a public hearing on the Proposed Rule. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 29.

30. In response to the allegations in the second sentence of Paragraph 30, Federal Defendants admit only that FWS received comments on the Proposed Rule from member of Congress, scientists, and State government officials from California, Oregon, and Washington. The remaining allegations in the first sentence of Paragraph 30 characterize comments on the Proposed Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the comments are denied. The allegations in the second sentence of Paragraph 30 characterize the *Summary Report of Independent Peer Reviews for the U.S. Fish and Wildlife Service Gray Wolf Delisting Review* (May 2019) ("Summary Report of Peer Reviews"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Summary Report are denied.

31. The allegations in Paragraph 31 characterize the Summary Report of Peer Reviews, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Summary Report are denied.

32. In response to the allegations in Paragraph 32, Federal Defendants admit only that the Delisting Rule was published in the Federal Register on November 3, 2020 and became effective on January 4, 2021. The remaining allegations in Paragraph 32 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

33. The allegations in the first sentence of Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 33 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

34. The allegations in Paragraph 34 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

35. The allegations in Paragraph 35 characterize the Summary Report of Peer Reviews, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Summary Report are denied.

36. The allegations in the first sentence of Paragraph 36 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. The allegations in the second sentence of Paragraph 36 characterize the 1992 Revised Recovery Plan for the Eastern Timber Wolf ("Recovery Plan"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Recovery Plan are denied. In response to the allegations in the third sentence of Paragraph 36, Federal Defendants admit only that the Recovery Plan was first adopted in 1978 and updated in 1992. Federal Defendants deny the remaining allegations in the third sentence of Paragraph 36.

37. The allegations in Paragraph 37 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

38. The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39. The allegations in Paragraph 39 state legal conclusions to which no response is required and characterize a 1978 rule, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied.

40. Federal Defendants deny the allegations in Paragraph 40, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

41. Federal Defendants deny the allegations in Paragraph 41, which also state legal conclusions to which no response is required.

42. The allegations in the first and second sentences of Paragraph 42 characterize the Proposed Rule and Delisting Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule and Delisting Rule are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 42, which also state legal conclusions to which no response is required.

43. Federal Defendants deny the allegations in Paragraph 43, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

44. Federal Defendants deny the allegations in Paragraph 44, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

45. Federal Defendants deny the allegations in Paragraph 45, which also state legal conclusions to which no response is required and characterize the Delisting Rule and the ESA, which speak for themselves and are the best evidence of their contents.

46. Federal Defendants deny the allegations in Paragraph 46, which also state legal conclusions to which no response is required.

47. The allegations in the first sentence of Paragraph 47 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain

language, meaning, and context of the statute are denied. The allegations in the second sentence of Paragraph 47 characterize FWS's Final Policy on Interpretation of the Phrase "Significant Portion of Its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species" ("SPR Policy"), 79 Fed. Reg. 37,578 (July 1, 2014), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the SPR Policy are denied.

48. Federal Defendants deny the allegations in Paragraph 48, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

49. Federal Defendants deny the allegations in Paragraph 49, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

50. Federal Defendants deny the allegations in Paragraph 50, which also state legal conclusions to which no response is required and characterize the SPR Policy, which speaks for itself and is the best evidence of its contents.

51. Federal Defendants deny the allegations in Paragraph 51, which also state legal conclusions to which no response is required and characterize the Delisting Rule and prior modeling, which speaks for themselves and are the best evidence of their contents.

52. Federal Defendants deny the allegations in Paragraph 52, which also state legal conclusions to which no response is required.

53. The allegations in Paragraph 53 characterize the SPR Policy, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the SPR Policy are denied.

54. The allegations in Paragraph 54 characterize two court decisions, *Center for Biological Diversity v. Jewell*, 248 F. Supp. 3d 946, 956 (D. Ariz. 2017), and *Desert Survivors v. U.S. Dep't of Interior*, 321 F. Supp. 3d 1011 (N.D. Cal. 2018), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

55. Federal Defendants deny the allegations in Paragraph 55, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

56. Federal Defendants deny the allegations in Paragraph 56, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

57. Federal Defendants deny the allegations in Paragraph 57, which also state legal conclusions to which no response is required and characterize the Delisting Rule and unnamed court decisions, which speak for themselves and are the best evidence of their contents.

58. Federal Defendants deny the allegations in Paragraph 58, which also state legal conclusions to which no response is required and characterize the Delisting Rule and 2008 Rule, which speak for themselves and are the best evidence of their contents.

59. Federal Defendants deny the allegations in Paragraph 59, which also state legal conclusions to which no response is required.

60. The allegations in Paragraph 60 state legal conclusions to which no response is required and characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

61. In response to the allegations in the first sentence of Paragraph 61, the phrase "if delisting is finalized" is too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis and aver that the Delisting Rule became effective on January 4, 2021. Federal Defendants admit the remaining allegations in the first sentence of Paragraph 61. The allegations in the second sentence of Paragraph 61 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

62. The allegations in the first sentence of Paragraph 62 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. The allegations in Paragraph 62 characterize FWS's Proposed Rule Removing the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife and Maintaining Protections for the

Mexican Wolf (*Canis lupus baileyi*) by Listing It as Endangered, 78 Fed. Reg. 35,663 (June 13, 2013), which speaks for itself and is the best evidence of its contents.

63. Federal Defendants deny the allegations in Paragraph 63, which also characterize provisions of state law, including Utah Code § 23-29-201, S.D. Codified Laws § 41-1-1, and Wis. Stat. § 29.185(1m), which speak for themselves and are the best evidence of their contents.

64. Federal Defendants deny the allegations in Paragraph 64.

65. Federal Defendants deny the allegations in Paragraph 65, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

66. Federal Defendants deny the allegations in Paragraph 66, which also state legal conclusions to which no response is required.

67. The allegations in Paragraph 67 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

68. Federal Defendants deny the allegations in Paragraph 68, which also characterize a court decision, *Humane Soc'y v. Zinke*, 856 F.3d at 606, which speaks for itself and is the best evidence of its contents.

69. Federal Defendants deny the allegations in Paragraph 69.

70. The allegations in the first sentence of Paragraph 70 characterizes the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. Federal Defendants deny the remaining allegations in Paragraph 70, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

71. Federal Defendants deny the allegations in Paragraph 71, which also state legal conclusions to which no response is required.

72. Federal Defendants admit the allegations in Paragraph 72.

73. Federal Defendants deny the allegations in Paragraph 73, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

74. Federal Defendants deny the allegations in Paragraph 74, which also state legal conclusions to which no response is required.

PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes their request for relief, to which no response is required. To the extent a further response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

GENERAL DENIAL

Federal Defendants deny any allegations in the Complaint, whether express or implied, or in the attachments thereto, that are not specifically admitted, denied, or qualified herein.

DATED: April 19, 2021

JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief

*/s/ Michael R. Eitel*
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, South Terrace 370
Denver, Colorado 80202
Phone: (303) 844-1479 / Fax: (303) 844-1375
Email: Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.,<br><br>Plaintiffs,<br>vs.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>Federal Defendants. | Case No. 3:21-cv-00344-JSW<br><br>**CERTIFICATE OF SERVICE** |
| WILDEARTH GUARDIANS, et al.,<br><br>Plaintiffs,<br><br>vs.<br>HAALAND, et al.,<br><br>Federal Defendants. | Case. No. 3:21-cv-00349-JSW<br><br>**CERTIFICATE OF SERVICE** |
| NATURAL RESOURCES DEFENSE COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>Federal Defendants. | Case. No. 3:21-cv-00561-JSW<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Michael R. Eitel*
MICHAEL R. EITEL