M. Clare Ellis (SBN 317773)
cellis@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
50 California Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 975-3708
Facsimile: (415) 975-3701

Karma B. Brown (D.C. Bar No. 479774)
(*pro hac vice* application pending)
kbbrown@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 955-1893
Facsimile: (202) 778-2201

*Counsel for Proposed Intervenor-Defendant*
*Gray Wolf Agricultural Coalition*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, *et al.*, <br><br> Defendants. | CASE. NO. 4:21-CV-00344-JSW <br><br> RELATED CASE NOS. <br> 4:21-CV-00349-JSW <br> 4:21-CV-00561-JSW <br><br> **[PROPOSED] INTERVENOR-DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

1  Intervenor-Defendant Gray Wolf Agricultural Coalition ("Coalition") responds to the numbered allegations of the Complaint for Declaratory and Injunctive Relief ("Complaint") (ECF No. 1) filed by Plaintiffs Defenders of Wildlife *et al.* as follows:

**INTRODUCTION**

1. In response to the allegations in Paragraph 1, the Coalition admits only that, on November 3, 2020, FWS issued a rule titled Endangered and Threatened Wildlife and Plants; Removal of the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife, 85 Fed. Reg. 69,778 (Nov. 3, 2020) ("Delisting Rule"). To the extent the allegations in Paragraph 1 characterize the Delisting Rule, the Delisting Rule speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. The remaining allegations in Paragraph 1 are characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied.

2. The allegations in the first and second sentences of Paragraph 2 are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in the third sentence of Paragraph 2.

3. In response to the allegations in Paragraph 3, the Coalition admits that Congress passed the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq., in 1973 and that gray wolves were among the first species to be listed by the Secretary of the Interior. The phrase "alarmed by the pace of species' decline" is too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The remaining allegations in Paragraph 3 characterize *Tenn. Valley Auth. v. Hill*, 437 U.S. 153 (1978), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the case are denied.

4. The allegations in the first three sentences of Paragraph 4 are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The Coalition denies the allegations in the fourth sentence of Paragraph 4.

5.  The allegations in Paragraph 5 characterize FWS's prior regulatory actions related to gray wolves, a summary table of the actions in the Delisting Rule, see 85 Fed. Reg. at 69,780-81 (Table 1), and unspecified court opinions considering some of those action, all of which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the prior regulatory actions, Table 1, and court opinions are denied.

6.  The allegations in the first sentence of Paragraph 6 are characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied. The Coalition denies the allegations in the second sentence of Paragraph 6, which also characterize a provision of the ESA, which speaks for itself and is the best evidence of its contents. The Coalition denies the allegations in the third, fourth, and fifth sentences of Paragraph 6. The allegations in the sixth sentence of Paragraph 6 are characterizations of Plaintiffs' Prayer for Relief, to which no response is required. The Coalition denies the remaining allegations in the sixth sentence of Paragraph 6.

## JURISDICTION AND VENUE

7.  The allegations in the first sentence of Paragraph 7 state legal conclusions and contain characterizations of Plaintiffs' Complaint to which no response is required. To the extent a response is required, the allegations are denied. The Coalition lacks knowledge or information to ascertain the truth or falsity of the second sentence of Paragraph 7, which states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8.  The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The Coalition denies the allegation that Federal Defendants violated the law. The Coalition lacks knowledge or information to ascertain the truth or falsity of the remaining allegations in Paragraph 8, and therefore denies the allegations.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

## INTRADISTRICT ASSIGNMENT

9. The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The Coalition lacks knowledge or information to ascertain the truth or falsity of the remaining allegations in Paragraph 9, and therefore denies the allegations.

10A. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 10A, and therefore denies the allegations. The allegations in the fourth and fifth sentence of Paragraph 10A are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in the sixth, seventh, eighth, ninth, and tenth sentences of Paragraph 10A, and therefore denies the allegations. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in the eleventh sentence of Paragraph 10A, which also characterize Defenders' comments, which speak for themselves and are the best evidence of their contents.

10B. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 10B, and therefore denies the allegations.

10C. The Coalition is without knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 10C, and therefore denies the allegations.

10D. The Coalition is without knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 10D, and therefore denies the allegations.

10E. The Coalition is without knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 10E.

10F. The Coalition is without knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 10F, and therefore denies the allegations.

10. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 11, and therefore denies the allegations.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

11. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 12, and therefore denies the allegations.

12. The Coalition denies the allegations in Paragraph 13.

13. The Coalition denies the allegations in Paragraph 14, which also state legal conclusions to which no response is required.

15A. In response to the allegations in Paragraph 15A, the Coalition admits only that FWS is an agency within the U.S. Department of the Interior to which the Secretary of the Interior has delegated authority to administer the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 15A state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

15B. In response to the allegations in Paragraph 15B, the Coalition admits that David Bernhardt was the Secretary of the Interior at the time the Complaint was filed, but denies that he is the current Secretary and avers that Debra Haaland is the Secretary of the Interior. The Coalition admits only that the Secretary has responsibility for implementing and fulfilling certain duties of the Department, including the administration of the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 15B state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## BACKGROUND

**A.     The Endangered Species Act**

14. The allegations in Paragraph 16 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

15. The allegations in Paragraph 17 characterize the ESA and its legislative history, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute or S. Rep. No. 97-418 are denied.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

16. The allegations in Paragraph 18 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

17. The allegations in Paragraph 19 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

**B.     Gray Wolves in the United States**

18. The Coalition admits the allegations in Paragraph 20.

19. The Coalition admits the allegations in first sentence of Paragraph 21. The Coalition lacks knowledge or information to ascertain the truth or falsity of the second sentence of Paragraph 21. The Coalition denies the remaining allegations in the second sentence of Paragraph 21. The allegations in the third sentence of Paragraph 21 characterize unnamed studies of gray wolves, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the studies are denied.

20. The allegations in the first sentence of Paragraph 22 are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in the second sentence of Paragraph 22. The allegations in the third, fourth, and fifth sentences of Paragraph 22, including footnote 1, characterize FWSs' Final Rule To Reclassify and Remove the Gray Wolf From the List of Endangered and Threatened Wildlife in Portions of the Conterminous United States, 68 Fed. Reg. 15,804 (April 1, 2003), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the April 1, 2003 rule are denied.

21. The allegations in Paragraph 23 characterize FWS regulatory actions related to gray wolves, published at 32 Fed. Reg. 4,001 (March 11, 1967); 38 Fed. Reg. 14,678 (June 4, 1973); 39 Fed. Reg. 1,171 (January 4, 1974); 41 Fed. Reg. 17,736 (April 28, 1976); 41 Fed. Reg. 24,064 (June 14, 1976); and 43 Fed. Reg. 9,607 (Mar. 9, 1978), which speak for themselves and are the best

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

evidence of their contents. Any allegations contrary to the plain language, meaning, and context of those regulatory actions are denied.

22. The Coalition denies the allegations in the first and second sentences of Paragraph 24. The remaining allegations in Paragraph 24 are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis.

23. The allegations in the first sentence of Paragraph 25 are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The Coalition denies the remaining allegations in Paragraph 25, which also characterize unnamed court decisions, which speak for themselves and are the best evidence of their contents.

24. The allegations in the first sentence of Paragraph 26 characterize FWS's April 1, 2003 Final Rule, 68 Fed. Reg. 15,804, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the April 1, 2003 rule are denied. The allegations in the second sentence of Paragraph 26 characterize two court decisions, *Defenders of Wildlife v. Norton*, 354 F. Supp. 2d 1156, 1170–72 (D. Or. 2005) and *Nat'l Wildlife Fed'n v. Norton*, 386 F. Supp. 2d 553, 564–65 (D. Vt. 2005), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

25. The allegations in the first sentence of Paragraph 27 characterize prior regulatory actions related to gray wolves, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the prior regulatory actions are denied. The allegations in the second sentence of Paragraph 27 characterize five court decisions, *Humane Soc'y of the U.S. v. Kempthorne*, 579 F. Supp. 2d 7 (D.D.C. 2008); *Defenders of Wildlife v. Hall*, 565 F. Supp. 2d 1160 (D. Mont. 2008); *Humane Soc'y of the U.S. v. Salazar*, No. 09-1092-PLF (D.D.C. 2009); Defenders of Wildlife v. Salazar, 729 F. Supp. 2d 1207 (D. Mont. 2010); *Humane Soc'y of the U.S. v. Jewell*, 76 F. Supp. 3d 69 (D.D.C. 2014), *aff'd* 865 F.3d 585 (D.C. Cir. 2017), which speak for themselves and are the best evidence of their contents.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

26. In response to the allegations in the first sentence of Paragraph 28, the Coalition admits only that in 2011 FWS reissued its 2009 rule delisting gray wolves in the Northern Rocky Mountains, except for Wyoming. 76 Fed. Reg. 25,590 (May 5, 2011). The remaining allegations in the first sentence of Paragraph 28 characterize a congressional action, Department of Defense and Full-Year Continuing Appropriations Act, Public Law 112-10 (2011), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Act are denied. In response to the allegations in the second sentence of Paragraph 28, the Coalition admits only that in 2017 FWS issued a rule reinstating its 2012 rule delisting the gray wolf in Wyoming, 82 Fed. Reg. 20,284 (May 1, 2017). The remaining allegations in the second sentence of Paragraph 28 characterize a court decision, *Defenders of Wildlife v. Zinke*, 849 F.3d 1077 (D.C. Cir. 2017), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

### C. 2020 Delisting Rule

27. The allegations in the first sentence of Paragraph 29 characterize FWS's Proposed Rule Removing the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife, 84 Fed. Reg. 9,648 (Mar. 15, 2019) ("Proposed Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule are denied. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in the second sentence of Paragraph 29.

28. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in the first and second sentences of Paragraph 30. The remaining allegations in the first sentence of Paragraph 30 characterize comments on the Proposed Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the comments are denied. The allegations in the second sentence of Paragraph 30 also characterize the Summary Report of Independent Peer Reviews for the U.S. Fish and Wildlife

Service Gray Wolf Delisting Review (May 2019) ("Summary Report of Peer Reviews"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Summary Report are denied.

29. The allegations in Paragraph 31 characterize the Summary Report of Peer Reviews, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Summary Report are denied.

30. In response to the allegations in Paragraph 32, the Coalition admits only that the Delisting Rule was published in the Federal Register on November 3, 2020 and became effective on January 4, 2021. The remaining allegations in Paragraph 32 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

31. The allegations in the first sentence of Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 33 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

32. The allegations in Paragraph 34 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

33. The allegations in Paragraph 35 characterize the Summary Report of Peer Reviews, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Summary Report are denied.

34. The allegations in the first sentence of Paragraph 36 characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. The allegations in the second sentence of Paragraph 36 characterize the 1992 Revised Recovery Plan for the Eastern Timber Wolf ("Recovery Plan"), which speaks for itself and is the best evidence of its contents. Any allegations

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

contrary to the plain language, meaning, and context of the Recovery Plan are denied. In response to the allegations in the third sentence of Paragraph 36, the Coalition admits only that the Recovery Plan was first adopted in 1978 and updated in 1992. The Coalition denies the remaining allegations in the third sentence of Paragraph 36.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violation of the Endangered Species Act:
### Failure to Apply Listing Factors to Entire Gray Wolf Population

35. The allegations in Paragraph 37 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

36. The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37. The allegations in Paragraph 39 state legal conclusions to which no response is required and characterize a 1978 rule, which speaks for itself and is the best evidence of its contents. To the extent a response is required, the allegations are denied.

38. The Coalition denies the allegations in Paragraph 40, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied.

39. The Coalition denies the allegations in Paragraph 41, which also state legal conclusions to which no response is required.

40. The allegations in the first and second sentences of Paragraph 42 characterize the Proposed Rule and Delisting Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Proposed Rule and Delisting Rule are denied. The Coalition denies the allegations in the third sentence of Paragraph 42, which also state legal conclusions to which no response is required.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

41. The Coalition denies the allegations in Paragraph 43, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

42. The Coalition denies the allegations in Paragraph 44, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

43. The Coalition denies the allegations in Paragraph 45, which also state legal conclusions to which no response is required and characterize the Delisting Rule and the ESA, which speak for themselves and are the best evidence of their contents.

44. The Coalition denies the allegations in Paragraph 46, which also state legal conclusions to which no response is required.

## SECOND CLAIM FOR RELIEF

### Violation of the Endangered Species Act:
### Failure to Assess Gray Wolves' Status Within Significant Portions of Their Current Range

45. The allegations in the first sentence of Paragraph 47 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied. The allegations in the second sentence of Paragraph 47 characterize FWS's Final Policy on Interpretation of the Phrase "Significant Portion of Its Range" in the Endangered Species Act's Definitions of "Endangered Species" and "Threatened Species" ("SPR Policy"), 79 Fed. Reg. 37,578 (July 1, 2014), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the SPR Policy are denied.

46. The Coalition denies the allegations in Paragraph 48, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

47. The Coalition denies the allegations in Paragraph 49, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

48. The Coalition denies the allegations in Paragraph 50, which also state legal conclusions to which no response is required and characterize the SPR Policy, which speaks for itself and is the best evidence of its contents.

49. The Coalition denies the allegations in Paragraph 51, which also state legal conclusions to which no response is required and characterize the Delisting Rule and prior modeling, which speaks for themselves and are the best evidence of their contents.

50. The Coalition denies the allegations in Paragraph 52, which also state legal conclusions to which no response is required.

51. The allegations in Paragraph 53 characterize the SPR Policy, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the SPR Policy are denied.

52. The allegations in Paragraph 54 characterize two court decisions, *Center for Biological Diversity v. Jewell*, 248 F. Supp. 3d 946, 956 (D. Ariz. 2017), and *Desert Survivors v. U.S. Dep't of Interior*, 321 F. Supp. 3d 1011 (N.D. Cal. 2018), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

53. The Coalition denies the allegations in Paragraph 55, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

54. The Coalition denies the allegations in Paragraph 56, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

55. The Coalition denies the allegations in Paragraph 57, which also state legal conclusions to which no response is required and characterize the Delisting Rule and unnamed court decisions, which speak for themselves and are the best evidence of their contents.

56. The Coalition denies the allegations in Paragraph 58, which also state legal conclusions to which no response is required and characterize the Delisting Rule and 2008 Rule, which speak for themselves and are the best evidence of their contents.

57. The Coalition denies the allegations in Paragraph 59, which also state legal conclusions to which no response is required.

### THIRD CLAIM FOR RELIEF

### Violation of the Endangered Species Act:
### Failure to Adequately Consider Existing Management by States

58. The allegations in Paragraph 60 state legal conclusions to which no response is required and characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

59. In response to the allegations in the first sentence of Paragraph 61, the phrase "if delisting is finalized" is too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The remaining allegations in the first sentence of Paragraph 61 state legal conclusions to which no response is required. The allegations in the second sentence of Paragraph 61 are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis.

60. The allegations in the first sentence of Paragraph 62 are too vague and ambiguous to permit a response, and the Coalition denies the allegations on that basis. The allegations in Paragraph 62 characterize FWS's Proposed Rule Removing the Gray Wolf (*Canis lupus*) From the List of Endangered and Threatened Wildlife and Maintaining Protections for the Mexican Wolf (*Canis lupus baileyi*) by Listing It as Endangered, 78 Fed. Reg. 35,663 (June 13, 2013), which speaks for itself and is the best evidence of its contents.

61. The Coalition denies the allegations in Paragraph 63, which also characterize provisions of state law, including Utah Code § 23-29-201, S.D. Codified Laws § 41-1-1, and Wis. Stat. § 29.185(1m), which speak for themselves and are the best evidence of their contents.

62. The Coalition denies the allegations in Paragraph 64.

63. The Coalition denies the allegations in Paragraph 65, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

64. The Coalition denies the allegations in Paragraph 66, which also state legal conclusions to which no response is required.

### FOURTH CLAIM FOR RELIEF

### Violation of the Endangered Species Act: Failure to Consider Gray Wolves Lost Historical Range

65. The allegations in Paragraph 67 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

66. The Coalition denies the allegations in Paragraph 68, which also characterize a court decision, *Humane Soc'y v. Zinke*, 856 F.3d at 606, which speaks for itself and is the best evidence of its contents.

67. The Coalition denies the allegations in Paragraph 69.

68. The allegations in the first sentence of Paragraph 70 characterizes the Delisting Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Delisting Rule are denied. The Coalition denies the remaining allegations in Paragraph 70, which also characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

69. The Coalition denies the allegations in Paragraph 71, which also state legal conclusions to which no response is required.

### FIFTH CLAIM FOR RELIEF

### Violation of the Endangered Species Act and the Administrative Procedure Act: Denial of Petition to Designate Distinct Population Segments

70. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 72.

71. The Coalition lacks knowledge or information to ascertain the truth or falsity of the allegations in Paragraph 73, which also state legal conclusions to which no response is required and characterize the Delisting Rule, which speaks for itself and is the best evidence of its contents.

72. The Coalition denies the allegations in Paragraph 74, which also state legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes their request for relief, to which no response is required. To the extent a further response is required, the Coalition denies that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

The Coalition denies any allegations in the Complaint, whether express or implied, or in the attachments thereto, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that the Coalition has any burden to prove any of the factual allegations, the Coalition alleges the following as separate and independent defenses as to all claims and claims for relief asserted by Plaintiffs.

1. Plaintiffs' claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing.

3. The Court lacks subject-matter jurisdiction over Plaintiffs' claims.

4. Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and estoppel.

6. Plaintiffs failed to raise each of their claims before the FWS and otherwise failed to exhaust their administrative remedies and/or forfeited their claims.

7. Plaintiffs' claims are barred by the doctrine of ripeness.

8. Any defenses pleaded by other defendants and not specifically pleaded by the Coalition are incorporated herein to the extent they do not conflict with the defenses expressly stated above.

9. The Coalition hereby gives notice that it intends to rely on any other defense that may become available or appear during the proceedings of this case.

## RESERVATION OF RIGHTS

The Coalition respectfully reserves the right to amend this Answer to assert any additional affirmative defenses that it deems necessary to its defense of the Complaint.

Respectfully submitted,

DATED: May 17, 2021

HUNTON ANDREWS KURTH LLP
By: /s/ M. Clare Ellis
M. Clare Ellis
Karma B. Brown

*Counsel for Proposed Intervenor-Defendant Gray Wolf Coalition*

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

15
[PROPOSED] INTERVENOR-DEFENDANT'S ANSWER
TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO.: 4:21-CV-00344-JSW