Stanford H. Atwood, Jr.
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel:  408-395-5503
Fax:  408-395-5519
stanford@atwoodlaw.net

Michael T. Jean, MI Bar No. P76010*
Hadan W. Hatch, UT Bar No. 17671*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, Virginia 22030
Tel:  703-267-1161
mjean@nrahq.org
hhatch@nrahq.org

Jeremy E. Clare, D.C. Bar No. 1015688*
Regina Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel:  202-543-8733
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenors
National Rifle Association of America and
Safari Club International*
*Appearing *pro hac vice*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| DEFENDERS OF WILDLIFE et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. FISH AND WILDLIFE SERVICE et al.,<br><br>Defendants, and | Case No. 4:21-cv-344-JSW<br><br>**Related Cases:**<br>  4:21-cv-349-JSW<br>  4:21-cv-561-JSW<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL** |

NRA and SCI Notice of Motion and Motion to Dismiss and Strike, Case No. 4:21-cv-344

1

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SAFARI CLUB INTERNATIONAL,<br><br>　　　　Defendant-Intervenors. | **Hearing Date:** July 2, 2021<br>**Hearing Time:** 9:00 A.M.<br>**Judge:** Hon. Jeffery S. White |

**NOTICE OF MOTION AND MOTION TO DISMISS BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 2, 2021, or as soon thereafter as counsel may be heard by the Honorable Jeffrey S. White, the National Rifle Association of America and Safari Club International, through this Notice and the attached Memorandum of Points and Authorities, will and hereby do respectfully move the Court to dismiss Plaintiffs' First Amended Complaint under Fed. R. Civ. P. 12(b)(6) and to strike it under the Court's inherent powers. That motion will be heard at Courtroom 5, 2d Floor, Oakland Federal Courthouse, 1301 Clay Street, Oakland, California 94612.

As explained in the attached Memorandum of Points and Authorities, Plaintiffs Defenders of Wildlife et al. have filed an untimely First Amended Complaint under Rule 15(a)(1)(B). Accordingly, the putative First Amended Complaint is not properly before the Court, and the Court should dismiss it under Rule 12(b)(6) and strike it using the Court's inherent powers to control the Court's docket.

Dated this 27th day of May, 2021.

　　　　　　　　　　　　　　　　　　　　/s/ Jeremy E. Clare
　　　　　　　　　　　　　　　　　　　　Jeremy E. Clare
　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 1015688*
　　　　　　　　　　　　　　　　　　　　Safari Club International
　　　　　　　　　　　　　　　　　　　　501 2nd Street N.E.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20002
　　　　　　　　　　　　　　　　　　　　Tel:  202-543-8733
　　　　　　　　　　　　　　　　　　　　jclare@safariclub.org

NRA and SCI Notice of Motion and Motion to Dismiss and Strike, Case No. 4:21-cv-344

2

Stanford H. Atwood, Jr.
Atwood & Associates
750 University Avenue, Suite 130
Los Gatos, California 95032
Tel:  408-395-5503
Fax:  408-395-5519
stanford@atwoodlaw.net

Michael T. Jean, MI Bar No. P76010*
Hadan W. Hatch, UT Bar No. 17671*
National Rifle Association of America
11250 Waples Mill Road
Fairfax, Virginia 22030
Tel:  703-267-1161
mjean@nrahq.org
hhatch@nrahq.org

Jeremy E. Clare, D.C. Bar No. 1015688*
Regina Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel:  202-543-8733
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenors*
*National Rifle Association of America and*
*Safari Club International*
*Appearing pro hac vice*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE et al., | Case No. 4:21-cv-344-JSW |
| Plaintiffs, | **Related Cases:** |
| vs. | 4:21-cv-349-JSW |
| | 4:21-cv-561-JSW |
| U.S. FISH AND WILDLIFE SERVICE et al., | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS AND STRIKE BY NATIONAL RIFLE ASSOCIATION OF |
| Defendants, and | |

NRA and SCI Memo in Support of Motion to Dismiss and Strike, Case No. 4:21-cv-344

| | |
|---|---|
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SAFARI CLUB INTERNATIONAL,<br><br>Defendant-Intervenors. | AMERICA AND SAFARI CLUB INTERNATIONAL<br><br>**Hearing Date:** July 2, 2021<br>**Hearing Time:** 9:00 A.M.<br>**Judge:** Hon. Jeffery S. White |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS AND STRIKE BY NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL**

The National Rifle Association of America ("NRA") and Safari Club International ("SCI") respectfully move to dismiss Plaintiffs' First Amended Complaint (Dkt. 54) under Federal Rule of Civil Procedure 12(b)(6) and to strike the First Amended Complaint under the Court's inherent powers to control its docket. The First Amended Complaint should be dismissed and stricken because it was untimely filed under Federal Rule of Civil Procedure 15(a)(1)(B).

**STATEMENT OF THE ISSUES TO BE DECIDED**

1. Whether Plaintiffs' First Amended Complaint is untimely under Rule 15(a)(1)(B), when it was filed more than 21 days after Federal Defendants filed their Answer?

**STATEMENT OF RELEVANT FACTS**

On November 3, 2020, the U.S. Fish and Wildlife Service published a final rule removing the gray wolf, except for the Mexican wolf, from the Endangered Species Act's lists of threatened and endangered species. 85 Fed. Reg. 69778 (Nov. 3, 2020). This delisting rule went into effect on January 4, 2021. *Id.* Plaintiffs sued the U.S. Fish and Wildlife Service and Debra Haaland, Secretary of the Interior (collectively "Federal Defendants"), alleging that the final rule was unlawful, on January 14, 2021. *See* Dkt. 1.

NRA and SCI jointly moved to intervene in this case on April 2, 2021. Dkt. 21. With the motion to intervene, NRA and SCI lodged a proposed motion to dismiss, which provided notice to Plaintiffs that NRA and SCI would be moving to dismiss the original Complaint for lack of

NRA and SCI Memo in Support of Motion to Dismiss and Strike, Case No. 4:21-cv-344

2

standing under Rule 12(b)(1). Dkt. 21-9. Federal Defendants answered the Complaint on April 19, 2021. Dkt. 29. The Court granted NRA and SCI's motion to intervene on May 3, 2021 (Dkt. 34), and NRA and SCI officially filed their Motion to Dismiss on May 6, 2021 (Dkt. 39).

Plaintiffs filed their First Amended Complaint, purportedly under Rule 15(a)(1)(b), on May 20, 2021. Dkt 54, at 1. The First Amended Complaint was filed 31 days after Federal Defendants filed their answer. Dkt. 29.

## STANDARD OF REVIEW

Compliance with a time limit established by the Federal Rules of Civil Procedure can be challenged under Rule 12(b)(6). *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court must determine "'whether the claimant is entitled to offer evidence to support the claims.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The Court also has inherent powers to strike improperly filed items from its docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 403–04 (9th Cir. 2010). "The inherent powers are mechanisms for 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* at 404 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). The Court has broad discretion to exercise its inherent powers to address a litigant's conduct during the litigation process. *See id.*

## ARGUMENT:
### PLAINTIFFS' FIRST AMENDED COMPLAINT SHOULD BE DISMISSED OR STRICKEN FROM THE DOCKET BECAUSE IT WAS NOT TIMELY FILED.

Plaintiffs purported to file their First Amended Complaint "as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)(B), in response to Defendant-Intervenors National Rifle Association of America *et al.* Motion to Dismiss." Dkt. 54, at 1. Plaintiffs incorrectly claim that the First Amended Complaint was timely, because it was filed within 21 days of NRA and SCI's Motion to Dismiss. *Id.* But the Federal Defendants' Answer, not NRA and SCI's Motion, triggered

NRA and SCI Memo in Support of Motion to Dismiss and Strike, Case No. 4:21-cv-344

3

Rule 15(a)(1)'s 21-day deadline.  It is too late for Plaintiffs to amend their Complaint as a matter of course under Rule 15(a)(1).

Rule 15(a)(1)(B) sets specific deadlines by which a party can amend its complaint as a matter of course: "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier*."  Fed. R. Civ. P. 15(a)(1)(B) (emphasis added).  Here, Federal Defendants filed their Answer, Dkt. 29, before NRA and SCI filed their Motion to Dismiss, Dkt. 39.  The Answer is the "earlier" event that triggered Rule 15(a)(1)'s 21-day time limit.  The First Amended Complaint was filed 31 days—ten days too late—after the Federal Defendants' Answer was filed.

Contrary to Plaintiffs' assertion, NRA and SCI's subsequently filed Motion to Dismiss is immaterial to the outcome here.  Subsequent motions to dismiss "do not toll or extend plaintiff's time to file an Amended Complaint as a matter of course under the current Rule 15(a)(1)(B)." *Brown v. W. Valley Env't Servs., LLC*, No. 10-CV-210A, 2010 WL 3369604, *10 (W.D.N.Y. Aug. 24, 2010).  To hold otherwise would render the Rule's "whichever is earlier" clause meaningless.  And the Advisory Committee notes to Rule 15(a)(1)(B) make it clear: "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative.  If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment.

The First Amended Complaint is untimely filed and should be dismissed because a party is not entitled to present evidence in support of claims that are not properly before the court. *E.g.*, *Boon v. Canon Bus. Sols., Inc.*, No. 11-CV-8206, 2012 WL 12919542, *2 (C.D. Cal. Mar. 8, 2012) (dismissing an amended complaint filed more than 21 days after a Rule 12(b) motion).  In the alternative, the First Amended Complaint should be stricken under the Court's inherent powers to control its docket and to enforce the deadlines and procedures established in the

NRA and SCI Memo in Support of Motion to Dismiss and Strike, Case No. 4:21-cv-344

4

Federal Rules. *See, e.g.*, *Cantu v. Kings Cty.*, No. 12-CV-538, 2021 WL 1164582, *1 (E.D. Cal. Mar. 26, 2021) (striking a complaint that was filed more than 21 days after a motion to dismiss).

The only way that the First Amended Complaint can be properly filed at this time is under Rule 15(a)(2), which governs amending complaints in "all other cases" and requires either consent of the parties or leave from the court. *E.g.*, *Cantu*, 2021 WL 1164582 at *1. Plaintiffs did not seek Federal Defendants' or NRA and SCI's consent to file the First Amended Complaint.[1] Nor did Plaintiffs seek leave from this Court before submitting the First Amended Complaint. Because Plaintiffs have failed to follow the Federal Rules of Civil Procedure, the improperly-filed First Amended Complaint cannot become the operative complaint. *See, e.g.*, *Gudenavichene v. Mortg. Elec. Reg. Sys., Inc.*, No. 12-cv-82, 2012 WL 1142868, *1 (D. Nev. Apr. 4, 2012) (holding that amended complaint which did not comport with Rule 15(a)(1)(B) could not be amended "as a matter of course" and was inoperative). The timeliness requirements of the Federal Rules exist for good reason and cannot be ignored.

## CONCLUSION

For the reasons stated above, the First Amended Complaint was not timely filed under Rule 15(a)(1)(B). It should be dismissed or stricken from the docket.

Dated this 27th day of May, 2021.

    Stanford H. Atwood, Jr.
    Atwood & Associates
    750 University Avenue, Suite 130
    Los Gatos, California 95032
    Tel: 408-395-5503
    Fax: 408-395-5519
    stanford@atwoodlaw.net

    Michael T. Jean, MI Bar No. P76010*
    Hadan W. Hatch, UT Bar No. 17671*
    National Rifle Association of America
    11250 Waples Mill Road

---

[1] Although NRA and SCI would not have improperly withheld consent, at this point, since the First Amended Complaint has been filed, it would be too late to provide such consent. *See In re Sonoma V*, 703 F.2d 429, 431 (9th Cir. 1983) (construing Fed. R. Civ. P. Rule 6(b)).

NRA and SCI Memo in Support of Motion to Dismiss and Strike, Case No. 4:21-cv-344

5

Fairfax, Virginia 22030
Tel: 703-267-1161
mjean@nrahq.org
hhatch@nrahq.org

/s/ Jeremy E. Clare
Jeremy E. Clare, D.C. Bar No. 1015688*
Regina Lennox, D.C. Bar No. 1671299*
Safari Club International
501 2nd Street N.E.
Washington, D.C. 20002
Tel: 202-543-8733
jclare@safariclub.org
rlennox@safariclub.org

*Attorneys for Defendant-Intervenors
National Rifle Association of America and
Safari Club International*

*Appearing pro hac vice

# CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Jeremy E. Clare
Jeremy E. Clare

NRA and SCI Memo in Support of Motion to Dismiss and Strike, Case No. 4:21-cv-344

6