UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>U.S. FISH AND WILDLIFE SERVICE, et al.,<br><br>　　　　Defendants.<br>_____<br><br>WILDEARTH GUARDIANS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, et al.,<br><br>　　　　Defendants.<br>_____<br><br>NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>　　　　Defendants. | Case Nos.　21-cv-00344-JSW<br>　　　　　　　21-cv-00349-JSW<br>　　　　　　　21-cv-00561-JSW<br><br>**ORDER DENYING MOTIONS TO INTERVENE**<br><br>Re: Dkt. Nos. 35, 32, 40 |

Now before the Court for consideration is the motion to intervene filed by the Sportsmen's Alliance Foundation, Rocky Mountain Elk Foundation, Wisconsin Bear Hunters Association, and Michigan Bear Hunters Association (collectively, "Coalition").[1]  The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court VACATES the hearing set for June 25, 2021.  For the following reasons, the Court DENIES the motion to intervene.

## BACKGROUND

Plaintiffs in these related cases filed complaints against the U.S. Fish and Wildlife Service and the United States Department of the Interior ("Federal Defendants") challenging the decision to remove gray wolves in the lower 48 states from the list of endangered and threatened species under the ESA ("Delisting Rule").  *See* 85 Fed. Reg. 69778 (Nov. 3, 2020).  Plaintiffs allege that the Delisting Rule violates the ESA and the Administrative Procedure Act ("APA").  Plaintiffs seek a vacatur of the Delisting Rule and declaratory and injunctive relief.

The Coalition, which is comprised of hunting, wildlife, and conservation organizations, filed a motion to intervene on May 6, 2021.  It seeks intervention to protect the interests of its members in: (1) being able to lawfully defend hunting dogs from attacks by wolves when hunting other species; (2) hunting elk, deer, and other species whose populations can be directly and adversely affected by unmanaged wolf predation; and (3) being able to lawfully hunt gray wolves where those populations are recovered.  The organizations' members include recreational hunters and hunting guides.  The Coalition asserts that one of the member organizations, the Rocky Mountain Elk Foundation, has expended substantial sums in land acquisitions, conservation easements, and other habitat protection and enhancement activities.  According to the Coalition, if the Delisting Rule is vacated, gray wolves will once again be listed under the ESA in states of concern to the Coalitions' members.

---

[1] The Coalition has filed the same motion to intervene in all three related cases.  Plaintiffs in the related cases filed a joint statement of non-opposition.  For purposes of clarity, citations to the docket in this Order refer to the filings submitted in the lead case, *Defenders of Wildlife et al., v. U.S. Fish and Wildlife Service*, 3:21-cv-00344-JSW.

2

Previously, the National Rifle Association of America ("NRA") and Safari Club International ("SCI") (collectively, "Intervenor Defendants") sought to jointly intervene in this action. The Intervenor Defendants sought intervention to protect their members' interests in hunting gray wolves and their organizational interest in protecting hunting as a conservation management tool and traditional recreational activity. (*See generally* Dkt. No. 21.) The Court granted the motion to intervene on May 3, 2021 subject to certain conditions. (Dkt. No. 34.)

The Federal Defendants take no position on the Coalition's motion. Plaintiffs do not oppose the motion to intervene but seek to impose certain conditions on the Coalition's involvement should the Court grant the request for intervention. (*See* Dkt. No. 53.) The Intervenor Defendants have not submitted a response to the motion to intervene.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A. The Court Denies the Request for Intervention as of Right.

The Coalition argues that it is entitled to intervention as a matter of right under Fed. R. Civ. P. 24(a)(2). Courts apply a four-part test to a motion to intervene as of right: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). Although Rule 24(a)(2) is construed broadly in favor of intervenors, *id*. at 1179, the applicant bears the burden of showing that each of the four elements is met, *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir.2006). "Failure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

The Court finds that the Coalition has satisfied the first three elements. As to timeliness, the Coalition seeks to intervene at the early stages of the litigation. Although the administrative record has now been filed and Plaintiffs have represented their desire to resolve the matter expediently because fall hunting seasons in several states, the Court has not yet issued any

substantive rulings. Accordingly, given that the litigation is in the early stages, the Court finds the motion timely. With regard to factors two and three, the Coalition argues that it has a significant interest in the subject matter of the underlying action and that denial of the motion would impair its ability to protect its interest. The Coalition argues that state laws authorize wolf hunting seasons and permit members to use force to protect their hunting dogs. If Plaintiffs are successful in challenging the Delisting Rule, gray wolves will come under federal protection, and these state laws would be eliminated. The Coalition also argues that it has an interest in securing the value of conservation easements and habitat protection for elk, which will be weakened if gray wolves remain protected. The Court finds that this is sufficient to show that the disposition of this litigation may impair the Coalition's ability to protect its interests.

The fourth factor examines whether the existing parties adequately protect the proposed intervenors' interests. In evaluating the adequacy of representation, the Court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "The most important factor in determining the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties." *Id*. "Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011). To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). In the present case, the Coalition, the Federal Defendants, and the Intervenor Defendants share the same ultimate objective of upholding the Delisting Rule. Therefore, the presumption of adequate representation applies, and the Coalition must make a "compelling showing" of inadequacy of representation.

The Coalition offers several arguments to show that the existing parties will not adequately represent their interests. First, the Coalition contends that the Federal Defendants have a unique

4

obligation to balance competing interests, and this obligation could cause the Federal Defendants to advocate or take positions that would dispose of the Coalition's interests in an attempt to negotiate a settlement of the litigation. However, the Coalition has not presented any evidence suggesting that the Federal Defendants do not intend to vigorously defend the Delisting Rule or that settlement is anything more than hypothetical. Indeed, the filings by the Federal Defendants thus far indicate otherwise. (*See* Dkt. No. 41 (noting that the parties do not believe settlement conversations would be productive at this time).) Moreover, it seems that the presence of the Intervenor Defendants, whose recreational hunting interests align with the Coalition, would lessen the concern that the litigation would be resolved without consideration of the Coalition's interests.

The Coalition next argues that the Federal Defendants do not share the Coalition's narrow recreational and economic interests. However, the Federal Defendants are not the only defendants in this action. The Intervenor Defendants have successfully intervened as parties to this litigation seeking to protect recreational and conservationist hunting interests very similar to those advanced by the Coalition. (*See* Dkt. No. 21, NRA Mot. to Intervene at 3 (noting that the NRA and SCI promote and defend hunting as a sport and a conservation method and seek to protect those interests in this litigation).) The Coalition's members and the members of the Intervenor Defendant share nearly identical interests, including a desire to take advantage of state-authorized wolf hunting seasons, to protect hunting dogs from wolf attacks, and to manage the impact that the expanding gray wolf population is having on other animal populations. (*Compare* Dkt. No. 21-1, Randal Robert Mayes Decl., *with* Dkt. No. 35-1, Decl. of Duane J. Acker; *compare* Dkt. No. 21-4, Decl. of Anthony W. Biebel, *with* Dkt. No. 35-1, Decl. Frederick L. Leske Jr.) The overlapping interests between the Intervenor Defendants and the Coalition is further evidenced by the fact that the record shows that several members of the Intervenor Defendants are also members of the Coalition's organizations. (*See* Dkt. No. 21-1, Mayes Decl. ¶ 3 (attesting that he is a current member of the NRA and Rocky Mountain Elk Foundation); Dkt. No. 21-4, Decl. of Glenn N. Goergen ¶ 3 (attesting that he is a member of NRA and Sportmen's Alliance, and Rocky Mountain Elk Foundation).) The Coalition does not address this clear overlap in interests. Accordingly, it has failed to make a compelling showing that its interests are not adequately represented by the

Intervenor Defendants.

The Coalition also identifies two narrow issues on which it intends to focus that it believes will not be represented by either the Federal Defendants or the Intervenor Defendants. First, the Coalition argues it has a unique interest in the delisting of gray wolves in the Great Lakes region. According to the Coalition, the gray wolf population in Michigan, Wisconsin, and Minnesota is uniquely situated compared to the gray wolf populations in other regions. However, the fact that the other Defendants have not identified a specific interest in the Great Lakes region does not necessarily mean that they will not adequately represent this interest. *See Perry*, 587 F.3d at 954 (observing that adequacy of representation does not turn on whether an existing party will litigate a case "in the exact manner" that a proposed intervenor would). Indeed, the Intervenor Defendants' submission makes clear that they represent members who hunt in the Great Lakes region, and there is no indication that they would be unable or unwilling to address the differences in wolf populations across various regions. (*See, e.g.*, NRA Mot. to Intervene at 2.) Accordingly, the Coalition has not made a compelling showing that the existing Defendants would be unwilling or incapable of addressing the differences in wolf populations among various regions, including the Great Lakes region, such that intervention is required.

Second, the Coalition argues that intervention is warranted because it will offer a unique interpretation of the term "significant portion of its range" in the ESA's definition of "endangered species." The Coalition contends that the Plaintiffs in the three related cases are likely to apply different interpretations to the term. According to the Coalition, it intends to advocate for a nuanced interpretation of the term, but it fears that the Federal Defendants may advocate an interpretation of the term that would favor broad delisting or listing. Again, the Coalition does not address the Intervenor Defendants or argue that they would not adequately represent this interest. Regardless, the Coalition has not made a compelling showing that this issue represents "more than a mere difference in litigation strategy." *Citizens for Balanced Use*, 647 F.3d at 899. Given that all Plaintiffs, regardless of how they interpret the term, seek a complete vacatur of the Delisting Rule, the Coalition has not shown that the interpretation of the term will be a necessary element to the proceeding.

The Court concludes the Coalition has not made a compelling showing of inadequacy of representation, and it DENIES the Coalition's motion for intervention as a matter of right on this basis.

**B.  The Court Declines to Grant Permissive Intervention.**

In the alternative, the Coalition argues that it is entitled to permissive intervention under Rule 24(b). Permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.,* 712 F.3d 1349, 1353 (9th Cir.2013). Unlike intervention as of right, "even if all three requirements are satisfied, the district court has discretion to deny permissive intervention." *SEC v. Small Bus. Capital Corp.,* Civ. No. 5:12–03237 EJD, 2014 WL 3749900, at *2 (N.D. Cal. June 29, 2014). "[P]ractical and equitable considerations play a large role in a court's decision to grant or deny permissive intervention. *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 1:12-cv-02182-KJM-KJN, 2016 WL 5847010, at *5 (E.D. Cal. Oct. 6, 2016) (citing *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). In exercising its discretion, the court must consider whether the intervention would prejudice the parties or delay the litigation, or whether the intervenor would contribute to the development of the facts and the equitable adjudication of the legal questions, are important considerations. *Id.*; *see also* Fed. R. Civ. P. 24(b)(3). "[T]he court may also consider other factors in the exercise of discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties." *Perry*, 587 F.3d at 950.

Here, although the Coalition satisfies the threshold requirements for permissive intervention, the Court, in its discretion, concludes that permissive intervention is not warranted. As discussed above, the Coalition's interests are adequately represented by existing parties. In particular, the Coalition shares nearly identical interests with the Intervenor Defendants making it unlikely that permitting intervention would contribute to the development of facts or legal questions. Additionally, practical considerations weigh against intervention. Although the Coalition has agreed to intervene subject to a set of conditions, adding another party to these

7

1  actions may nevertheless delay the proceedings. The Federal Defendants have now submitted the
2  administrative record, and Plaintiffs have represented that they are eager to brief summary
3  judgment to avoid the need to seek injunctive relief before certain states open wolf hunting
4  seasons in the fall. Intervention would potentially complicate what is already a somewhat
5  unwieldy situation involving three related cases, numerous Plaintiff organizations, Federal
6  Defendants, and Intervenor Defendants, and it would not contribute to an efficient resolution of
7  the issues. For these reasons, the Court DENIES the motion for permissive intervention.

### C. The Court Will Permit the Coalition to Participate as Amicus Curiae.

The Court, however, will allow the Coalition to participate as amicus curiae. While not a party to the litigation, the "classic role of amicus curiae" is to "assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration. *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 2012). The Coalition has not requested status as amicus curiae, but the Court has "'broad discretion' to permit amicus briefs." *Oakley v. Devos*, No. 20-CV-3215, 2020 WL 3268661, at *13 (N.D. Cal. June 17, 2020) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). Given that the Coalition's interests are adequately represented by the existing Defendants, the Court finds that participation as amicus curiae is more appropriate than intervention. *See Los Angeles SMSA Ltd. P'ship v. City of Los Angeles, California*, 817 F. App'x 350, 352 (9th Cir. 2020) (finding district court's denial of permissive intervention appropriate where the proposed intervenor's interests were adequately represented, participation as a party was likely to delay proceedings, and proposed intervenor was permitted to participate as amicus curiae). To the extent the Coalition seeks to provide a unique perspective on the issues in this litigation, it may present those unique arguments and perspectives in an amicus brief in support of the Defendants' anticipated summary judgment motions. Accordingly, the Coalition is granted permission to file an amicus curiae brief in support of Defendants' anticipated summary judgment motions.

### CONCLUSION

For the foregoing reasons, the Court DENIES the Coalition's motion to intervene. The Court, however, will GRANT the Coalition permission to file an amicus curiae brief in support of

the Defendants' anticipated cross-motions for summary judgment.  Any amicus brief shall comply with all applicable Local Rules and may not exceed 25 pages.

**IT IS SO ORDERED.**

Dated: June 21, 2021

_____
JEFFREY S. WHITE
United States District Judge