1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   DEFENDERS OF WILDLIFE, et al.,            Case Nos.  21-cv-00344-JSW

8                 Plaintiffs,                            21-cv-00349-JSW

                                                         21-cv-00561-JSW
9          v.
                                             **ORDER DENYING MOTIONS TO**
10  U.S. FISH AND WILDLIFE SERVICE, et        **INTERVENE**
    al.,
11                                            Re: Dkt. Nos. 46, 51, 43
                  Defendants.
12
    _____
13
    WILDEARTH GUARDIANS, et al.,
14
                  Plaintiffs,
15
           v.
16
    DEBRA HAALAND, U.S. SECRETARY
    OF THE INTERIOR, et al.,
17
                  Defendants.
18
19  _____

20  NATURAL RESOURCES DEFENSE
    COUNCIL, INC.,
21
                  Plaintiff,
22
           v.
23
    UNITED STATES DEPARTMENT OF
    THE INTERIOR, et al.,
24
                  Defendants.
25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

Now before the Court for consideration is the motion to intervene filed by the Gray Wolf Agricultural Coalition ("the "Agricultural Coalition").[1]  The Court has considered the parties' papers, relevant legal authority, and the record in the case and it finds this matter suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court VACATES the hearing set for July 23, 2021.  For the following reasons, the Court DENIES the Agricultural Coalition's motion.

## BACKGROUND

Plaintiffs in these related cases filed complaints against the U.S. Fish and Wildlife Service and the United States Department of the Interior ("Federal Defendants") challenging the decision to remove gray wolves in the lower 48 states from the list of endangered and threatened species under the ESA ("Delisting Rule").  *See* 85 Fed. Reg. 69778 (Nov. 3, 2020).  Plaintiffs allege that the Delisting Rule violates the ESA and the Administrative Procedure Act ("APA").  Plaintiffs seek a vacatur of the Delisting Rule and declaratory and injunctive relief.

The Agricultural Coalition filed a motion to intervene on May 17, 2021.[2]  The Agricultural Coalition represents farmers, ranchers, livestock producers, and forest product business and forest landowners.  Members of the Agricultural Coalition own farms, ranches, and forest land in areas inhabited by gray wolves, conduct ranching or logging operations on public and private lands within the range of wolves, and have experienced wolf depredation as the gray wolf population has recovered.  Under the Delisting Rule, state and tribal agencies have the primary role in managing and protecting gray wolf populations, and the Agricultural Coalitions contends that these agencies are best positioned to address interactions between wolves and the public, farmers, ranchers, and livestock.  The Agricultural Coalition argues that if Plaintiffs are successful in challenging the Delisting Rule, the federal government will replace state and tribal agencies as the

---

[1] The Agricultural Coalition is comprised of five trade associations:  the American Farm Bureau Federation, American Forest Resource Council, American Sheep Industry Association, National Cattlemen's Beef Association, and Public Lands Council.
[2] The Agricultural Coalition has filed the same motion to intervene in the three related cases. Plaintiffs filed a joint statement of non-opposition in all cases.  For purposes of clarity, citations to the docket in this Order refer to the filings submitted in the lead case, *Defenders of Wildlife et al., v. U.S. Fish and Wildlife Service*, 3:21-cv-00344-JSW.

United States District Court
Northern District of California

1    primary actor in wolf management and protection.  Accordingly, the Agricultural Coalition seeks

2    to intervene to protect its interests in effective conservation mechanisms employed by the states.

3    The Agricultural Coalition also argues that its members have long-standing organizational

4    interests in the proper administration of the ESA.

5         The Court previously granted intervention to the National Rifle Association of America

6    ("NRA") and Safari Club International ("SCI") (collectively, "Intervenor Defendants").  (*See* Dkt.

7    No. 34.)  The Intervenor Defendants sought intervention to protect their members' interests in

8    hunting gray wolves and their organizational interests in protecting hunting as a conservation

9    management tool.  The Intervenor Defendants identified a strong interest in preserving the

10   Delisting Rule so that the primary management of wolves "returns to the states, giving them the

11   discretion to allow the hunting of gray wolves, as appropriate, to provide recreational opportunity,

12   [and] sustainably manage gray wolves…"  (Dkt. No. 21, NRA Mot. to Intervene at 6.)

13        The Federal Defendants take no position on the Agricultural Coalition's motion.  Plaintiffs

14   do not oppose the motion to intervene but seek to impose certain conditions on the Agricultural

15   Coalition's involvement should the Court grant the request for intervention.  (*See* Dkt. No. 59.)

16   The Intervenor Defendants have not submitted a response to the motion to intervene.

17        The Court will address additional facts as necessary in the analysis.

18                                              **ANALYSIS**

19   **A.       The Court Denies the Request for Intervention as of Right.**

20        The Agricultural Coalition argues that is entitled to intervention as a matter of right under

21   Fed. R. Civ. P. 24(a)(2).  Courts apply a four-part test to a motion to intervene as of right:  (1) the

22   motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating

23   to the property or transaction which is the subject of the action; (3) the applicant must be so

24   situated that the disposition of the action may as a practical matter impair or impede its ability to

25   protect that interest; and (4) the applicant's interest must be inadequately represented by the

26   parties to the action.  *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).

27   Although Rule 24(a)(2) is construed broadly in favor of intervenors, *id*. at1179, the applicant bears

28   the burden of showing that each of the four elements is met, *Prete v. Bradbury,* 438 F.3d 949, 954

1  (9th Cir.2006).  "Failure to satisfy any one of the requirements is fatal to the application."  *Perry v.*

2  *Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

3        The Court finds that the Agricultural Coalition has satisfied the first three elements.  With

4  regard to timeliness, the Agricultural Coalition has filed its motion while these cases are still at an

5  early stage.  Although the administrative record has now been submitted, the Court has not yet

6  issued any substantive rulings.  Accordingly, the Court finds the motion timely.  The Court also

7  finds that the Agricultural Coalition has sufficiently shown that it has a significant interest in the

8  subject matter of the underlying action and that denial of the action would impair or impede its

9  ability to protect its interest.  The Agricultural Coalition argues that as trade association, it has a

10  sufficient interest to permit intervention because the litigation challenges the validity of the

11  regulation from which its members benefit.  Additionally, it argues that it has a significant interest

12  in the litigation because it participated in the administrative process by submitting comments on

13  the Delisting Rule.  Finally, the Coalition contends that its members have significant protectable

14  interests in the outcome of the litigation because the recovery of the gray wolf population has led

15  to increased depredation of its members' livestock and damage to property.  The Agricultural

16  Coalition argues that state agencies are better suited than the federal government to implement

17  policies for the management and protection of gray wolves that protect the Coalition's interests,

18  including establishing compensation programs and allowing hunting on public and private lands as

19  a population management tool.  If Plaintiffs successfully challenge the Delisting Rule, the gray

20  wolf will come under federal protection and the state agencies will no longer have the primary

21  authority over wolf management.  The Court finds that this is sufficient to show that the

22  disposition of this litigation may impair the Coalition's ability to protect its interests.

23        The fourth factor examines whether the existing parties adequately protect the proposed

24  intervenors' interests.  In evaluating the adequacy of representation, the Court considers: "(1)

25  whether the interest of a present party is such that it will undoubtedly make all of a proposed

26  intervenor's arguments; (2) whether the present party is capable and willing to make such

27  arguments; and (3) whether a proposed intervenor would offer any necessary elements to the

28  proceeding that other parties would neglect."  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir.

4

2003).  "The most important factor in determining the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties."  *Id*.  "Where the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies."  *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011).  To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation.  *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).  In the present case, the Agricultural Coalition, the Federal Defendants, and the Intervenor Defendants share the same ultimate objective of upholding the Delisting Rule.  Therefore, the presumption of adequate representation applies, and the Agricultural Coalition must make a "compelling showing" of inadequacy of representation.

The Agricultural Coalition's motion focuses primarily on the inadequacy of representation by the Federal Defendants.  The Coalition agrees that the Federal Defendants share the same ultimate objective in defending the Delisting Rule, but it contends that the Federal Defendants have a broad public interest in upholding the Delisting Rule that is distinct from its own its private interest.  The Agricultural Coalition also argues that a recent executive order directing FWS to review the rule may alter the Federal Defendants' position in the litigation.  Additionally, it asserts that the Federal Defendants would have different interests in settlement and may not exhaust appellate remedies in the event of an unfavorable decision.

However, the Agricultural Coalition does little to address the issue of adequate representation by the Intervenor Defendants.  The Coalition briefly argues that the Intervenor Defendants will not adequately represent its interests in the litigation because they intend to focus on their members' hunting interests and their organizational interests in promoting hunting as a conservation tool for wolves and other species.  However, broadly speaking, the Intervenor Defendants' interest is in ensuring that the primary management of the regulation of gray wolf populations remains with the states, which they feel are better suited to create policies and regulations that benefit their members.  The Agricultural Coalition also argues that state agencies are better positioned to understand the needs of its members to protect their property and livestock from wolves.  Accordingly, the two groups share the same interest.  Although the two groups have

5

United States District Court
Northern District of California

1  different motivations for favoring state management of gray wolf populations, there is nothing to

2  suggest that the Intervenor Defendants would be incapable of or unwilling to make arguments

3  supporting state agency management of gray wolf populations rather than federal control.

4  *Arakaki*, 324 F. 2d 1086; *see also Perry*, 587 F.3d at 954 (observing that adequacy of

5  representation does not turn on whether an existing party will litigate a case "in the exact manner"

6  that a proposed intervenor would).  The Agricultural Coalition has not shown that its perspective

7  adds a "necessary element" to the proceeding.  *Id*. at 1087.  Accordingly, the Court concludes the

8  Agricultural Coalition has not made the required compelling showing that the existing parties are

9  inadequate representatives for its interests.  The Court DENIES the Agricultural Coalition's

10  request for intervention as a matter of right.

11  **B.      The Court Declines to Grant Permissive Intervention.**

12            In the alternative, the Agricultural Coalition argues that it is entitled to permissive

13  intervention under Rule 24(b).  Permissive intervention under Rule 24(b) requires "(1) an

14  independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and

15  fact between the movant's claim or defense and the main action."  *Blum v. Merrill Lynch Pierce*

16  *Fenner & Smith Inc.,* 712 F.3d 1349, 1353 (9th Cir.2013).  Unlike intervention as of right, "even if

17  all three requirements are satisfied, the district court has discretion to deny permissive

18  intervention."  *SEC v. Small Bus. Capital Corp.,* Civ. No. 5:12–03237 EJD, 2014 WL 3749900, at

19  *2 (N.D. Cal. June 29, 2014).  "[P]ractical and equitable considerations play a large role in a

20  court's decision to grant or deny permissive intervention.  *Lennar Mare Island, LLC v. Steadfast*

21  *Ins. Co.*, No. 1:12-cv-02182-KJM-KJN, 2016 WL 5847010, at *5 (E.D. Cal. Oct. 6, 2016) (citing

22  *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).  In exercising its

23  discretion, the court must consider whether the intervention would prejudice the parties or delay

24  the litigation, or whether the intervenor would contribute to the development of the facts and the

25  equitable adjudication of the legal questions, are important considerations.  *Id.*; *see also* Fed. R.

26  Civ. P. 24(b)(3).  "[T]he court may also consider other factors in the exercise of discretion,

27  including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests

28  are adequately represented by other parties."  *Perry*, 587 F.3d at 950.

1        Here, although the Agricultural Coalition satisfies the threshold requirements for

2  permissive intervention, the Court, in its discretion, concludes that permissive intervention is not

3  warranted.  As discussed above, the Agricultural Coalition's interests are adequately represented

4  by the existing defendants.  The Agricultural Coalition's ultimate objective in upholding the

5  Delisting Rule is shared by the Federal Defendants and the Intervenor Defendants.  Moreover, the

6  Agricultural Coalition's primary interest in maintaining state responsibility for wolf management

7  is shared by Intervenor Defendants, making it unlikely that its intervention would contribute to the

8  development of facts or legal questions.  Practical considerations also weigh against intervention.

9  Although the Agricultural Coalition has agreed to intervene subject to a set of conditions, adding

10  another party to this action may nevertheless delay the proceedings.  The Federal Defendants have

11  submitted the administrative record, and Plaintiffs have represented that they are eager to brief

12  summary judgment to avoid the need to seek injunctive relief before certain states open wolf

13  hunting seasons in the fall.  Additionally, intervention would potentially complicate what is

14  already a somewhat unwieldly situation involving three related cases, numerous Plaintiff

15  organizations, Federal Defendants, and the Intervenor Defendants, and it would not contribute to

16  an efficient resolution of the issues.  Accordingly, the Court DENIES the motion for permissive

17  intervention.

18  **C.**      **The Court Will Permit Participation as Amicus Curiae.**

19        The Court, however, will allow the Agricultural Coalition to participate as amicus curiae.

20  While not a party to the litigation, the "classic role of amicus curiae" is to "assist[] in a case of

21  general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law

22  that escaped consideration.  *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d

23  203, 204 (9th Cir. 2012).  The Agricultural Coalition has not requested status as amicus curiae, but

24  the Court has "'broad discretion' to permit amicus briefs."  *Oakley v. Devos*, No. 20-CV-3215,

25  2020 WL 3268661, at *13 (N.D. Cal. June 17, 2020) (quoting *Hoptowit v. Ray*, 682 F.2d 1237,

26  1260 (9th Cir. 1982)).  Given that the Agricultural Coalition's interests are adequately represented

27  by the existing Defendants, the Court finds that participation as amicus curiae is more appropriate

28  than intervention.  *See Los Angeles SMSA Ltd. P'ship v. City of Los Angeles, California*, 817 F.

United States District Court
Northern District of California

App'x 350, 352 (9th Cir. 2020) (finding district court's denial of permissive intervention appropriate where the proposed intervenor's interests were adequately represented, participation as a party was likely to delay proceedings, and proposed intervenor was permitted to participate as amicus curiae).  To the extent the Agricultural Coalition seeks to provide a unique perspective on the issues in this litigation, it may present those arguments and perspectives in an amicus brief in support of the Defendants' anticipated summary judgment motions.  Accordingly, the Coalition is granted permission to file an amicus curiae brief in support of Defendants' anticipated summary judgment motions.

### CONCLUSION

For the foregoing reasons, the Court DENIES the Coalition's motion to intervene.  The Court GRANTS the Coalition permission to file an amicus curiae brief in support of Defendants' anticipated cross-motions for summary judgment.  Any amicus brief shall comply with all applicable Local Rules and may not exceed 25 pages.

**IT IS SO ORDERED.**

Dated: June 21, 2021

_____
JEFFREY S. WHITE
United States District Judge