ELIZABETH MORRISSEAU (Michigan Bar No. P81899)
Assistant Attorney General
Attorney for the People of the State of Michigan
Environment, Natural Resources, and Agriculture Division
P.O. Box 30755
Lansing, Michigan
(517) 335-7664
MorrisseauE@michigan.gov
*[Pro Hac Vice Motion Pending]*
PEOPLE OF THE STATE OF MICHIGAN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants. | Case No. 4:21-cv-00344-JSW <br><br> Related Cases: 4:21-cv-00349-JSW <br>                    4:21-cv-00561-JSW |
| WILDEARTH GUARDIANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, et al., <br><br> Defendants. | **MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> Hearing Date: November 12, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 5 <br> Before Judge Jeffrey S. White |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. SECRETARY OF THE INTERIOR, et al., <br><br> Defendants. | |

People of the State of Michigan and the State of Oregon respectfully request that this Court grant their request to submit an *amicus curiae* brief in support of Plaintiffs' Motion for Summary Judgment, requesting that this Court vacate the United States Fish and Wildlife Service (Service) decision to delist the gray wolf nationwide. *See Endangered and Threatened Wildlife and Plants; Removing the Gray Wolf (Canis lupus) From the List of Endangered and Threatened Wildlife*, 85 Fed. Reg. 69,778 (Nov. 3, 2020) (AR_0000038–AR_0000155.)

Plaintiffs consent to this motion, Federal Defendants reserve their right to take a position upon reviewing the proposed brief, and Intervenor-Defendants take no position on this motion. The *amicus curiae* brief is attached as Exhibit 1 to this Motion. A proposed order is also attached to this Motion as Exhibit 2.

**STANDARD**

There is no rigid standard for whether to accept a brief offered by amicus curiae. Instead, courts have broad discretion in electing whether to do so. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 487 (1995); *see also Woodfin Suite Hotels, LLC. v. City of Emeryville*, No. C 06-1254-SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) ("[w]hether to allow Amici to file a brief is solely within the Court's discretion . . ."). "The 'classic role' of amicus curiae is to assist a court in a case of public interest by "supplementing the efforts of counsel," and "generally courts have 'exercised great liberality in permitting amicus briefs." *Cal. v. U.S. Dep t of the Interior*, 381 F. Supp. 3d 1153, 1163–64 (N.D. Cal. 2019) (quoting *Miller-Wohl Co. v. Comm'r of Labor &Indust.*, 694 F.2d 203, 204 (9th Cir. 1982); *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007)).

Whether to accept an amicus brief depends on whether it will be "helpful" to the receiving Court. *Hoptowit*, 682 F.2d at 1260. Accordingly, any would-be-amici should demonstrate that they have "unique information or perspective[s]" that would "help the court" beyond what the parties to the litigation can provide. *Sonoma Falls Developers, L.L.C. v. Nev. Gold & Casinos, Inc*, 272 F. Supp. 2d 919, 925 (N.D.Cal. 2003) (internal quotation marks and citation omitted). In particular, participation by amici is warranted where the outcome of the litigation has ramification beyond the parties. *Id.*

## IDENTITY AND INTERESTS OF AMICI

Amicus curiae are the People of the State of Michigan and the State of Oregon. They share an interest in seeing that the Service lawfully protects endangered species in accordance with the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* (Act).

During the public comment period, Michigan Attorney General Dana Nessel submitted comments opposing the Service's decision to delist gray wolves. (AR_0010343.) In this comment, she explained that "Michigan's success" in gray wolf recovery "does not allow the Service to delist the gray wolf without regard for the rule of law." *Id.*

All gray wolves found within Michigan are "the property" of the People of the State of Michigan. Mich. Comp. Laws § 324.40105. This includes wolves that migrate from other states. *Id.* The Michigan Department of Natural Resources is responsible for managing those gray wolves. Mich. Comp. Laws § 324.40107. When the Service removed gray wolves from the list of endangered species, it returned management of gray wolves to state agencies. The People of the State of Michigan, in whose interest those wolves are held and managed, has significant interest in the outcome of this litigation.

Oregon is home to a number of endangered species and has an interest in ensuring that federal policies comply with the Act.

## THIS BRIEF WILL BENEFIT THE COURT

A central theme in this litigation is whether the Service properly analyzed gray wolves in Michigan and other Great Lakes states when it determined that gray wolves nationwide are no longer "endangered" within the meaning of the Act. (*See*, e.g., Pls' Br in Supp of Summ Judg, Doc 75, ECF Doc No 74, p 15) ("At its core…this case is about [the Service's] unlawful reliance on the numbers of wolves in the Great Lakes states to write off relatively new wolf populations in other states as unnecessary outliers, dooming the goal of true nationwide species recovery.") None of the Great Lakes states are parties to this litigation. Accordingly, the views of the People of the State of Michigan can provide a quintessential "unique…perspective" position for this Court to consider. *Sonoma Falls Developers,* 272 F. Supp. 2d at 925.

Michigan listed gray wolves as endangered in 1965, a decade before the Service did so nationwide. Mich. Comp. Laws § 312.11 (1965). Michigan has a long history of managing gray wolves, both individually and in coordination with the Service. Michigan's vantagepoint allows the People of the State of Michigan to provide this Court with a helpful discussion of why the wolves' nationwide status should not hinge on their status in the Great Lakes. Indeed, at the conclusion of this rulemaking, the Service acknowledged Michigan's efforts and told Michigan Attorney General Nessel that the agency "appreciates Michigan's significant contribution to gray wolf recovery." (AR_0000016.)

Further, the People of the State of Michigan are uniquely situated in that they do not oppose the delisting of gray wolves in *Michigan* but rather they oppose nationwide delisting on

the basis of wolf recovery in Michigan and nearby Great Lakes states. Our regional success should not be used to the detriment of national wolf recovery.

The proposed amicus brief thus presents a small but important piece of the puzzle presented by this litigation, and it will assistance this Court in understanding the important issues before it.

## CONCLUSION

For these reasons, *Amici* People of the State of Michigan and the State of Oregon respectfully request that this Court grant their motion for leave to file an *amicus curiae* brief in support of Plaintiffs' Motion for Summary Judgment, and deem the attached brief filed.

Respectfully submitted,

Dana Nessel
Attorney General

Fadwa Hamoud
Solicitor General

/s/ *Elizabeth Morrisseau*
Elizabeth Morrisseau (P81899)
Assistant Attorney General
Attorneys for People of the State of Michigan
Environment, Natural Resources, and Agriculture
P.O. Box 30755
Lansing, MI 48933
(517) 335-7664
MorrisseauE@michigan.gov

Dated: July 23, 2021

|   |                          | Ellen F. Rosenblum |
|---|--------------------------|--------------------|
| 1 |                          | Attorney General |
| 2 |                          | |
| 3 |                          | */s/ Seth T. Karpinski* |
|   |                          | Seth T. Karpinski |
| 4 |                          | Senior Assistant Attorney General |
|   |                          | California Bar No. 137748 |
| 5 |                          | Paul Garrahan |
|   |                          | Attorney-in-Charge |
| 6 |                          | Steve Novick |
| 7 |                          | Special Assistant Attorney General |
|   |                          | Natural Resources Section |
| 8 |                          | Oregon Department of Justice |
|   |                          | 1162 Court Street NE |
| 9 |                          | Salem, OR 97301-4096 |
| 10|                          | (503) 779-7102 |
|   |                          | Seth.T.Karpinski@doj.state.or.us |
| 11|                          | Paul.Garrahan@doj.state.or.us |
| 12| Dated: July 23, 2021     | Steve.Novick@doj.state.or.us |

# CERTIFICATE OF SERVICE (E-FILE)

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Ingham, State of Michigan. My business address is 525 West Ottawa Street, Lansing, Michigan 48933.

I hereby certify that on this 23rd day of July 2021, I electronically filed the foregoing **MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system.

/s/ *Elizabeth Morrisseau*
Elizabeth Morrisseau (P81899)
Assistant Attorney General
Attorney for People of the State of Michigan
Environment, Natural Resources, and Agriculture
P.O. Box 30755
Lansing, MI 48933
(517) 335-7664
MorrisseauE@michigan.gov

Dated: July 23, 2021

LF: Gray Wolf Delisting 2019 (AG)(Amicus)/AG# 2019-0257332-B/Motion for Leave to File Amicus Brief 2021-07-23