# EXHIBIT 2

ELIZABETH MORRISSEAU (Michigan Bar No. P81899)
Assistant Attorney General
Attorney for the People of the State of Michigan
Environment, Natural Resources, and Agriculture Division
P.O. Box 30755
Lansing, Michigan
(517) 335-7664
MorrisseauE@michigan.gov
*[Pro Hac Vice Motion Pending]*
PEOPLE OF THE STATE OF MICHIGAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH AND WILDLIFE SERVICE, et al. <br><br> Defendants. | Case No. 4:21-cv-00344-JSW <br><br> Related Cases: 4:21-cv-00349-JSW <br> 4:21-cv-00561-JSW |
| WILDEARTH GUARDIANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, U.S. SECRETARY OF THE INTERIOR, et al. <br><br> Defendants. | **PROPOSED AMICUS BRIEF OF THE PEOPLE OF THE STATE OF MICHIGAN AND THE STATE OF OREGON** <br><br> Hearing Date: November 12, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 5 <br> Before Judge Jeffrey S. White |
| NATURAL RESOURCES DEFESE COUNCIL, INC., <br><br> Plaintiff, <br> v. <br><br> U.S. SECRETARY OF THE INTERIOR, et al. <br><br> Defendants. | |

# TABLE OF CONTENTS

Page

Table of Contents .................................................................................................................. ii

Index of Authorities ............................................................................................................. iii

Identities and Interests of the Amici .....................................................................................1

I.  Background .................................................................................................................1

    A.  Wolves in Michigan ...........................................................................................1

    B.  What the Endangered Species Act requires of the Service ...............................3

II. Argument ....................................................................................................................4

    A.  The Service must look at *all* places where the gray wolf is located and cannot use the wolf's recovery in Michigan to determine that the wolf is no longer endangered in other portions of its range. ...........................................4

    B.  The Service must perform the mandated analysis for *all* states where gray wolves exist and cannot only rely on a flattering analysis of wolf recovery in the Great Lakes states alone. .........................................................................7

    C.  The Service cannot split up the listed population by abandoning remnant gray wolves. ........................................................................................................8

Conclusion and Relief Requested .........................................................................................9

Certificate of Service (e-file) ..............................................................................................11

# INDEX OF AUTHORITIES

Page

**Cases**

*Defenders of Wildlife v. Norton*,
 239 F. Supp. 2d 9 (D.C. Cir. 2002) ..................................................................3

*Desert Survivors v. U.S. Dep't of Interior*,
 321 F. Supp. 3d 1011 (N.D. Cal. 2018) ...........................................................4

*Desert Survivors v. U.S. Dep't of the Interior*,
 336 F. Supp. 3d 1131 (N.D. Cal. 2018) ...........................................................3

*Humane Society v. Zinke*,
 865 F.3d 585 (D.C. Cir. 2017) ......................................................................4, 8

**Statutes**

16 U.S.C. § 1532(6) ..............................................................................................3, 5

16 U.S.C. § 1533(a) ...................................................................................................8

16 U.S.C. § 1533(a)(1), (b) ........................................................................................4

Mich. Comp. Laws § 312.11 (1965) ..........................................................................2

Mich. Comp. Laws § 324.40105 ...............................................................................1

Mich. Comp. Laws § 324.40107 ...............................................................................1

S.D. Codified Laws §§ 41-1-1 ...................................................................................9

S.D. Codified Laws §§ 41-6-80 .................................................................................9

Utah Code § 23-29-201 .............................................................................................9

**Regulations**

84 Fed. Reg. 9648 (Mar. 15, 2019) ...........................................................................3

85 Fed. Reg 69,778 (Nov. 3, 2020) ...........................................................................2

# IDENTITIES AND INTERESTS OF THE AMICI

Amicus curiae are the People of the State of Michigan and the State of Oregon.

All gray wolves found within Michigan are "the property" of the People of the State of Michigan. Mich. Comp. Laws § 324.40105. This includes wolves that migrate from other states. *Id.* The Michigan Department of Natural Resources is responsible for managing those gray wolves. Mich. Comp. Laws § 324.40107. When the United States Fish and Wildlife Service (Service) removed gray wolves from the list of endangered species, it returned management of gray wolves to state agencies. The People of the State of Michigan, in whose interest those wolves are held and managed, has significant interest in the outcome of this litigation. Michigan Attorney General Dana Nessel submitted comments opposing the Service's decision to delist gray wolves. (AR_0010343.)

Oregon is home to a number of endangered species and has an interest in ensuring that federal policies comply with the Act.

Undersigned counsel for the People of the State of Michigan contacted counsel for parties to this litigation. Plaintiffs all consent to this filing, Federal Defendants reserved their right to take a position upon reviewing the brief, and Defendant-Intervenors take no position on the motion.

## I. BACKGROUND

### A. Wolves in Michigan.

Just over fifty years ago, when gray wolves had been virtually eradicated from the continental United States, the only remaining wolves were in Michigan's Upper Peninsula, the woods of northern Minnesota, and possibly Wisconsin. (AR_0000043)(Removing the Gray

Wolf (Canis lupus) From the List of Threatened and Endangered Wildlife, 85 Fed. Reg 69,778 (Nov. 3, 2020).) In 1965, well before the federal government took action to save the rapidly dwindling numbers of gray wolves, the Michigan Legislature passed a law protecting the few wolves that remained in Michigan. Mich. Comp. Laws § 312.11 (1965). Over the next decade, when the Service finally listed gray wolves as endangered under the Endangered Species Act (Act), those wolves from Michigan and Minnesota helped seed the gray wolf's return to portions of available wolf habitat nationwide. (AR_0000043.)

Based on last year's biennial survey of Michigan's wolf population, there are nearly 700 gray wolves in Michigan's Upper Peninsula. (AR_0000142.) There is even evidence that isolated lone wolves travel downstate to Michigan's Lower Peninsula from time to time. (AR_0000075.) This is a far cry from the 40 or so wolves that remained on Michigan's Isle Royale back in 1974. (AR_0000048.) The gray wolf is recovered in Michigan, in no small part due to our state-level efforts. And the Service is correct that the Act authorizes us to take back wolf management from the federal government.

But this success should not be used to undermine wolf recovery efforts elsewhere. The Act does not authorize the Service to pick and choose where endangered species should recover. To the contrary, the Service must protect them where they are currently found. And they are currently found, and are now federally unprotected, in Washington, Oregon, California, North Dakota, South Dakota, Utah, Colorado, Nevada, Missouri, Indiana, Illinois, Iowa, Nebraska, New York, Massachusetts, Vermont, and Kansas. (AR_0000049.) By delisting the gray wolf nationwide, the Service abandoned its obligation to protect endangered gray wolves wherever they are found. Turning cooperative federalism on its head, the Service weaponized our effective wolf recovery in the Great Lakes region against wolf populations struggling to recover

in other states. The Service's decision to delist the gray wolf nationally based on its recovery in Michigan is unlawful and ignores its obligation under the Act to help them recover elsewhere.

### B. What the Endangered Species Act requires of the Service.

Under the Act, a species is defined as an "endangered species" if it "is in danger of extinction throughout all or a significant portion of its range[.]" 16 U.S.C. § 1532(6). The Service's attempts to clarify the term "significant portion of its range" through rulemaking have, so far, been rejected by the courts, so the phrase still carries its ordinary meaning. *Desert Survivors v. U.S. Dep't of the Interior*, 336 F. Supp. 3d 1131, 1137 (N.D. Cal. 2018); (AR_0020133) (Removing the Gray Wolf (Canis lupus) From the List of Threatened and Endangered Wildlife, 84 Fed. Reg. 9648 (Mar. 15, 2019).). When determining whether a species is endangered under the Act, the Service, at the very least, must explain its conclusion that an area in which a species "can no longer live is not a significant portion of its range." *Defenders of Wildlife v. Norton*, 239 F. Supp. 2d 9, 21 (D.C. Cir. 2002) (emphasis added).

To determine whether a particular species is endangered under the Act, the Secretary of the Interior must analyze five factors using the best scientific and commercial data: (A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D) the inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence. 16 U.S.C. § 1533(a)(1), (b). The Service must analyze the same factors when determining whether a listed species is no longer entitled to the protections afforded endangered species under the Act. *Defenders of Wildlife v. U.S. Dep't of the Interior*, 354 F. Supp. 2d 1156, 1172 (D. Or. 2005).

## II. ARGUMENT

The Service unlawfully delisted all gray wolves based on the species' status in Michigan and other Great Lakes states. This is improper for three reasons. First, the Service must look to a species' current range, i.e., where it currently exists, to determine whether it is endangered. *Humane Society v. Zinke*, 865 F.3d 585, 603–606 (D.C. Cir. 2017). Second, the Service must analyze the five statutory factors for delisting for each state in which a species is actually located. And finally, the Service may not break a species into recovered populations in a way that excises orphan populations that would otherwise be entitled to protection. *Id.* at 603. In short, the Service can only use Michigan's successes in Michigan, not nationwide. Where wolves remain endangered, they must remain listed.

### A. The Service must look at *all* places where the gray wolf is located and cannot use the wolf's recovery in Michigan to determine that the wolf is no longer endangered in other portions of its range.

Gray wolves are still an "endangered species" under the Act because the species is "in danger of extinction throughout all or a significant portion of its range[.]" 16 U.S.C. § 1532(6). The Act prohibits nation-wide delisting of a species on the basis of recovery in one part of its range. Yet that is precisely what the Service did here. The Act explicitly requires the Service to analyze the current and historic range of a species and determine whether, at a minimum, current populations are at risk of becoming extinct. *Desert Survivors v. U.S. Dep't of Interior*, 321 F. Supp. 3d 1011, 1066–1074 (N.D. Cal. 2018). Delisting is not an opportunity for the Service to decide where a species may be allowed to live. It is a process by which the Service determines whether a species is endangered where it currently lives, with reference to where the species historically lived. *Humane Society*, 865 F.3d at 603–606.

Historically, gray wolves were found in most of North America. (AR_0000047.) Today, there are stable and increasing populations of wolves in Michigan and Minnesota, and there are also wolves in Wisconsin. (AR_0000142.) Gray wolves have already recovered and been delisted in Wyoming, Montana, Idaho, the eastern third of Washington and Oregon, and north-central Utah. (AR_0000040.)

Gray wolves are also found in Washington, Oregon, California, North Dakota, South Dakota, Utah, Colorado, Nevada, Missouri, Indiana, Illinois, Iowa, Nebraska, New York, Massachusetts, Vermont, and Kansas. (AR_0000049.) In its proposal, the Service acknowledged that gray wolves in some of these other states are "at increased threat from human-caused mortality or factors related to small numbers." (AR_0020134.) Factors related to small numbers, of course, would no longer be threatening once those wolves recovered to larger numbers. Similarly, the threat of human-caused mortality becomes less grave when populations increase in number.

And yet, inexplicably, the Service elected not to analyze whether gray wolves currently living in these seventeen other states, whose risk of survival is admittedly threatened because of their low numbers, are in danger of extinction throughout all or a significant portion of their range. Instead, the Service cynically created two populations of gray wolves—the Great Lakes metapopulation and the Northern Rocky Mountain metapopulation. (AR_0000048.) The Great Lakes metapopulation includes threatened wolves in Minnesota, previously endangered wolves in Michigan and Wisconsin, and any nearby wolves that migrated from those areas. *Id.* The Northern Rocky Mountain metapopulation includes areas where wolves have been lawfully delisted, as well as areas into which, according to the Service, those delisted wolves migrated. *Id.* Because the Northern Rocky Mountain wolves were already delisted, the Service assumes

that any wolves that likely migrated there are "an extension" of the delisted population. (AR_0000048–AR_0000049.)

The Service acknowledges wolves observed outside of those regions as "lone long distance dispersing wolves" and does not assign them habitat or consider their likelihood of survival. (AR_0000049.) But long-distance dispersion is key to this species' recovery. (AR_0000047.) And tagged wolves have been found roaming from Michigan to other states. (AR_0028645) (Michigan Wolf Management Plan, updated 2015.) But Michigan cannot safeguard wolves once they leave her borders.

In fact, two gray wolves tagged in Michigan were later found shot in Missouri. (AR_0028645; AR_0029917) (Joe Jerek, Missouri Department of Conservation, DNA shows hunter-shot canine from October to be wandering wolf (Mar. 20, 2013).) Similarly, other gray wolves found shot dead in Kentucky, Kansas, and Missouri all had genetic indicators identifying them as Great Lakes wolves. (AR_0029109) (Candice Davis, Missouri Department of Conservation, DNA testing confirms canine shot in Wayne County is a wolf (Jan 13, 2014)); (AR_0029920) (Ben Romans, Field & Stream, DNA Confirms Dog-Like Animal Shot in Kentucky is a Wolf (Aug. 16, 2013); (AR_0030696) (Kansas Wildlife Parks and Tourism, Wildlife sightings); (AR_0030697) (Jeff Leonard, St. Joseph News-Press, Gower man unknowingly bags wolf (Aug. 3, 2012). By failing to consider the habitat or likelihood of survival for these long-distance dispersing wolves, the Service ignores its obligation under the Act to help them recover and, instead, writes them off to extinction.

The Act requires the Service to explain why gray wolves are not endangered *wherever* they currently exist. By lumping all wolves into two metapopulations, and writing off any

6
Proposed Amicus Brief of the People of the State of Michigan and the State of Oregon
Case No. 4:21-cv-00344-JSW

wolves existing in between, the Service unlawfully bypassed its statutory obligation to explain why gray wolves are not endangered where they exist.

### B. The Service must perform the mandated analysis for *all* states where gray wolves exist and cannot only rely on a flattering analysis of wolf recovery in the Great Lakes states alone.

The Service failed to apply the five mandatory statutory factors for de-listing gray wolves outside of the Great Lakes states. 16 U.S.C. § 1533(a). The Service analyzed all five factors and their cumulative effect for gray wolves in Michigan and Wisconsin. (AR_0020108–AR_0020115.) And amici agree with the Service that the gray wolf should not be listed as endangered in Michigan. But the Service should have analyzed *all* of the factors for *all* of the other states where gray wolves currently live. Its failure to do so is a fatal flaw.

For example, the Service analyzed human-caused mortality for the states of Michigan, Wisconsin, Oregon, Washington, and California. (AR_0020111.) But the Service failed to investigate the effects of human-caused mortality on gray wolves anywhere else that wolves exist. This is not a meaningless oversight. The Service understood that human-caused mortality is the reason gray wolves were listed as endangered in the first place. (AR_0000054.) And the Service further understands now that recovery by long-distance dispersion can only be effective "as long as rates of human-caused mortality are not excessive[.]" (AR_0000047.) But some of those states where wolves currently exist have laws that not only allow, but encourage, excessive human-caused mortality.

By way of example, if the Service reviewed Utah state law, it would learn that Utah *mandates* that state wildlife officials contact the Service to "immediately" remove any wolf in the state "to prevent the establishment of a viable pack." Utah Code § 23-29-201. While it is true that gray wolves in *portions* of Utah have been delisted, there are wolves in other portions of

7
Proposed Amicus Brief of the People of the State of Michigan and the State of Oregon
Case No. 4:21-cv-00344-JSW

that state that are unprotected. Similarly, if the Service reviewed state law in South Dakota, it would learn that South Dakota identifies the gray wolf as a "predator/varmint" that can be shot on state or private land. S.D. Codified Laws §§ 41-1-1 and 41-6-80. To state the obvious, gray wolves in those states currently face extinction. This is but one example of the Service's refusal to engage in a complete, five-factor analysis for the current range of the gray wolf. It demonstrates that the Service's attempt to delist the gray wolf does not meet the Act's requirements.

### C. The Service cannot split up the listed population by abandoning remnant gray wolves.

The Service cannot split up a listed population into a recovered subgroup and an unrecovered subgroup that will become extinct. In the Service's most recent delisting attempt that did not survive judicial review, the U.S. Court of Appeals for the D.C. Circuit ruled, in *Humane Society v. Zinke*, that the Service cannot "delist an already-protected species by balkanization." 865 F.3d at 603. In that case, the Service simultaneously created the Western Great Lakes distinct population segment, delisted that segment, and declared that gray wolves were wholly recovered from extinction. *Id.* at 593–594. The U.S. Court of Appeals for the D.C. Circuit ruled the Service cannot split a listed entity into a recovered subgroup and a leftover group that is written off as an "orphan to the law." *Id.* at 603.

Having been through that litigation, the Service should have known better this time around. And yet this delisting attempt is only more of the same. The facts are almost indistinguishable: The Service myopically focused on the success of gray wolves in the Great Lakes, balkanizing them from wolves in other regions, and then failed to consider the status of

gray wolves remaining in 17 other states. The Service's "failure to address the status of the remnant is fatal," *id.*, and not in accordance with the Act.

## CONCLUSION AND RELIEF REQUESTED

The Service unlawfully relied upon the recovery of the gray wolf in the Great Lakes states to delist the endangered species nationwide, contrary to the Endangered Species Act, and to the detriment of gray wolf populations nationwide. This Court should grant Plaintiffs' motion for summary disposition.

Respectfully submitted,

Dana Nessel
Attorney General

Fadwa Hamoud
Solicitor General

/s/ *Elizabeth Morrisseau*
Elizabeth Morrisseau (P81899)
Assistant Attorney General
Attorneys for People of the State of Michigan
Environment, Natural Resources, and Agriculture
P.O. Box 30755
Lansing, MI 48933
(517) 335-7664
MorrisseauE@michigan.gov

Dated: July 23, 2021

Ellen F. Rosenblum
Attorney General

*/s/ Seth T. Karpinski*
Seth T. Karpinski
Senior Assistant Attorney General
California Bar No. 137748
Paul Garrahan
Attorney-in-Charge
Steve Novick
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 779-7102
Seth.T.Karpinski@doj.state.or.us
Paul.Garrahan@doj.state.or.us
Steve.Novick@doj.state.or.us

Dated: July 23, 2021

# CERTIFICATE OF SERVICE (E-FILE)

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Ingham, State of Michigan. My business address is 525 West Ottawa Street, Lansing, Michigan 48933.

I hereby certify that on this 23rd day of July 2021, I electronically filed the foregoing **BRIEF OF PEOPLE OF THE STATE OF MICHIGAN AND THE STATE OF OREGON AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system.

/s/ *Elizabeth Morrisseau*
Elizabeth Morrisseau (P81899)
Assistant Attorney General
Attorneys for People of the State of Michigan
Environment, Natural Resources, and Agriculture
P.O. Box 30755
Lansing, MI 48933
(517) 335-7664
MorrisseauE@michigan.gov

Dated: July 23, 2021

LF: Gray Wolf Delisting 2019 (AG)(Amicus)/AG# 2019-0257332-B/Amicus Brief 2021-07-23