FILED

MAR 25 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT H. ALAND,**<br><br>Plaintiff,<br><br>v.<br><br>**U. S. DEPARTMENT OF THE INTERIOR;**<br>**DEB HAALAND**, Secretary of the U. S.<br>Department of the Interior; **U. S. FISH &**<br>**WILDLIFE SERVICE**; and **MARTHA**<br>**WILLIAMS**, Principal Deputy Director[1] of<br>the U. S. Fish & Wildlife Service,<br><br>Defendants. | Case No. 4:21-cv-00344-JSW<br>(Lead Case)<br><br>Related Cases: 4:21-cv-00349-JSW<br>4:21-cv-00561-JSW<br>4:22-cv-01321-JSW<br>(This Case)<br><br>**PLAINTIFF'S NOTICE OF**<br>**MOTION & MOTION TO COMPEL**<br>**FEDERAL DEFENDANTS TO FILE**<br>**ADMINISTRATIVE RECORD**<br><br>Hearing Date: April 29, 2022<br>Time: 9:00 a.m.<br>Courtroom: 5, 2nd Floor<br>Before: Judge Jeffrey S. White |

## NOTICE OF MOTION

Please take notice, pursuant to Fed. R. Civ. P. 56(a) and Civil Local Rule 7-2, that Plaintiff Aland in Case No. 4:22-cv-01321-JSW ("Plaintiff"), which is related to the three other cases above ("Three Related Cases") pursuant to this Court's Order dated March 16, 2022 (Doc. 27), on April 29, 2022, at the Oakland Courthouse, Courtroom 5 - 2nd Floor, 1301 Clay Street, Oakland, CA 94612, before the Honorable Jeffery S. White, will move for an Order, based on the Declaration of Robert H. Aland filed and the [Proposed] Order filed simultaneously herewith, granting this Motion To Compel Federal Defendants To File Administrative Record.

---

[1] Martha Williams was confirmed as Director of the U.S. Fish & Wildlife Service by the U.S. Senate on February 17, 2022, and sworn in as Director on March 8, 2022.

Plaintiff's Notice of Motion and Motion To Compel Federal Defendants To File Administrative Record - Lead Case: No. 4:21-cv-00344-JSW

1

## RELIEF REQUESTED

Plaintiff requests this Court to order Federal Defendants to (a) file with this Court, within one week after the date of the Order, (i) the Administrative Record ("AR") on electronic media, prepared in full compliance with Federal Defendants' internal AR guidelines and organized for ease of navigation in a logical and readily accessible manner, including an Index, that will allow specific documents to be located quickly, and (ii) a Privilege Log on electronic media with regard to all documents excluded from the AR based on claims of privilege(s) of confidentiality or otherwise and (b) simultaneously provide the AR, Index and Privilege Log to Plaintiff on electronic media, together with instructions for navigation of the AR.

A [Proposed] Order is filed simultaneously herewith and separately provided to Judge White by email at **JSWpo@cand.uscourts.gov** .

## SUPPORT FOR THIS MOTION

1. Plaintiff filed the Complaint (Doc. 1) and Federal Defendants filed their Answer (Doc. 11) in the U. S. District Court for the Northern District of Illinois, Eastern Division ("Illinois Court"), on October 27, 2021, and December 27, 2021, respectively.

2. The two legal issues set forth in the Complaint are whether Federal Defendants' (a) publication of the final rule removing gray wolves' protection under the Endangered Species Act ("ESA") in the Federal Register on November 3, 2020 (85 Fed. Reg. 69778) ("2020 Final Delisting Rule"), over twenty (20) months after publication of the proposed rule in the Federal Register on March 15, 2019 (84 Fed. Reg. 9648), violated the one-year deadline set forth in 16 U.S.C. § 1533(b)(6)(A) and caused the 2020 Final Delisting Rule to be invalid under the ESA and Administrative Procedure Act ("APA") (**Claim 1**) and (b) removal of gray wolves' ESA protection was based upon improper political interference rather than "solely on the basis of the

Plaintiff's Notice of Motion and Motion To Compel Federal Defendants To File Administrative Record - Lead Case: No. 4:21-cv-00344-JSW

2

best available scientific and commercial data" under [16 U.S.C. § 1533(b)(1)(A); 50 C.F.R. § 424.11(b), (d)] and the applicable statutory factors [16 U.S.C. § 1533(b)(6)(A); 50 C.F.R. § 424.11(d)] and, therefore, violated the ESA and APA (**Claim 2**).

3. By Order dated February 15, 2022, this case was transferred by the Illinois Court to this Court (Doc. 18); and on March 1, 2022, the record was electronically transferred by the Illinois Court to this Court (Doc. 19).

4. By Order dated March 16, 2022, U.S. District Judge Jeffrey S. White, to whom the Three Related Cases were assigned, determined that this case was related to the Three Related Cases (Doc. 27); and on March 17, 2022, this case was reassigned to Judge White (Doc. 28).

5. The two claims described in ¶ 2 were not presented to this Court in the Three Related Cases; those two claims are unique to this case.

6. Federal Defendants filed the AR in the Three Related Cases on June 9, 2021. Docs. 54, 58, 63. The AR was compiled entirely by Federal Defendants and contained the evidence on which this Court relied in the Three Related Cases. [2]

---

[2] Federal Defendants' detailed Guidelines for compiling an AR are set forth in the following documents (together "AR Guidelines"): **(1)** "Compiling a Decision File and an Administrative Record," 282 FW 5 (March 2, 2007) ("FWS Guidance") and **(2)** Exhibit 1 to the FWS Guidance, which includes **(i)** June 27, 2006, Memorandum from David Bernhardt, Deputy Solicitor of Defendants, to Assistant Secretaries and Directors of Bureaus and Offices and **(ii)** "Department of the Interior Standardized Guidance on Compiling a Decision File and an Administrative Record" (together "DOI Guidance"). **https://www.fws.gov/policy/282fw5.html**

The AR Guidelines are **mandatory**: "All employees who are responsible for . . . decisions and establishing an administrative record *must* follow the guidance . . . . " FWS Guidance, § 5.2. (Emphasis added.) Defendants "*must* take *great care* in compiling a *complete AR*" due to the importance of the AR in *judicial review* of a decision by Defendants. DOI Guidance, Part A, § II. (Emphasis added.) The "potential outcome of an improperly prepared [AR]" is that "the court [might] grant a plaintiff's motion to supplement the record and/or overturn [Defendants'] position." FWS Guidance, § 5.13.

7. On February 10, 2022, this Court issued an Order granting plaintiffs' motions for summary judgment and denying Federal Defendants' and Intervenors' cross-motions for summary judgment in the Three Related Cases (Doc. 138); and on the same day this Court entered Judgment in favor of plaintiffs and against Federal Defendants and Intervenors based on the Order (Doc. 139).

8. The Joint Initial Status Report ("JISR") filed by the parties with the Illinois Court on January 7, 2022 (Doc. 13), prior to the transfer to this Court, contained the following under "Plaintiff's Statement" (¶ 7):

> Plaintiff states that the Court will resolve Claims 1 and 2 on motions for summary judgment based on the Administrative Record and that he reserves the right to challenge the Administrative Record. Federal Defendants have not filed the Administrative Record with this Court and have not informed this Court or Plaintiff when they will file the Administrative Record. The Administrative Record could be relevant to Plaintiff's (a) review of the sufficiency of the Answer and (b) responses to Federal Defendants' pending motions. *Plaintiff believes that the Administrative Record should be filed with this Court at the earliest possible date.* (Emphasis added.)

---

The AR process begins early with compilation of an "organized, accurate and thorough Decision File." The Decision File "should be compiled as documents are generated or received during the decision-making process, making it a ***contemporaneous*** record of the decision." DOI Guidance, Part A, § II (emphasis added). The early beginning of the process in the form of a Decision File is designed to "increase agency efficiency and performance should it become necessary to create an AR," since "most, if not all of the documents that go into an AR should be in a properly maintained Decision File." DOI Guidance, Part A, § II; Part B, § I; Part C, § II.

The AR must be organized in a "***logical and accessible***" way so that someone unfamiliar with the issue can find specific documents quickly." DOI Guidance, Part C, § XII. (Emphasis added.) Thus, the AR must have an Index organized by subject matter for ease of navigation; and each document must have a unique number for uniform reference by the parties to the litigation. DOI Guidance, Part C, §§ XIII & XIV & Appendix 1.

The mandatory AR Guidelines emphasize a continuous and comprehensive process involving (a) a complete, organized and accurate Decision File from the beginning to the end of the decision-making phase and (b) efficient and timely conversion of the Decision File to a functional and accessible AR, indexed by subject matter, if litigation materializes, as in this case.

Plaintiff's Notice of Motion and Motion To Compel Federal Defendants To File Administrative Record - Lead Case: No. 4:21-cv-00344-JSW

4

Federal Defendants, in response, included the following in the JISR under the "Federal Defendants' Statement" (¶ 7):

> Federal Defendants have compiled and produced the Administrative Record for the 2020 Final Rule in the context of the three cases in the Northern District of California challenging the 2020 Final Rule. Federal Defendants served that same Administrative Record used in the Northern District of California litigation via overnight mail on Plaintiff on December 22, 2021.

9. Because (a) the AR filed by Federal Defendants in the Three Related Cases might differ from the AR filed by Federal Defendants in this case due, for example, to the presentation by Plaintiff of different claims from those presented in the Three Related Cases (see ¶¶ 2, 5) and (b) Plaintiff's desire to have sufficient time to review the AR in this case (see ¶¶ 11, 12), Plaintiff again requested Federal Defendants by email on March 18, 2022, to file the AR:

> I request defendants to formally submit the evidence in the above case - in the form of the AR - at the earliest possible date. Please advise when defendants will submit the AR to the court.

Defendants responded on the same day:

> We . . . have not yet made any case management decisions for this case. That has not changed, and we will wait for the Court to schedule an initial case management conference to engage on any case management issues. We believe waiting to engage on case management issues is appropriate because we served on you the identical administrative record we filed in the three related cases (ECF 13 at 8-9) and because the regulation you challenge is currently vacated. . . .

Plaintiff responded on the same day:

> Your response is unsatisfactory. . . . [T]he evidence in this case is contained in the AR. Although the AR is compiled by defendants, they have no right to control when the AR (i.e., the evidence) becomes a formal part of the record fully available to the Court and plaintiff. Stated differently, defendants do not own the evidence; they only compile it. Their control over compilation of the evidence does not extend to deciding when the evidence becomes a formal part of the record in the case. The evidence in this case is not part of defendants' unilateral "case management decisions," . . . . Full, fair and timely submission of evidence is the foundation of the rule of law and the judicial system. It is irrelevant that

Plaintiff's Notice of Motion and Motion To Compel Federal Defendants To File Administrative Record - Lead Case: No. 4:21-cv-00344-JSW

5

> defendants might have "served" on me the AR from the [Three Related Cases]; that was an informal act having nothing to do with entering the evidence in the record in ***this*** case. Since the AR in this case is final from defendants' standpoint . . . , file it. (Emphasis in original.)

Federal Defendants did not provide a further response and have not filed the AR in this case.

10. Federal Defendants' refusal to formally submit the evidence to this Court and Plaintiff in this case in the form of the AR, which, by Federal Defendants' admission has been available in final form for **over nine months** (i.e., since at least June 9, 2021, when it was filed in the Three Related Cases; see ¶ 6) is tantamount to tampering with the evidence and intimidation of Plaintiff. As stated by Plaintiff (see ¶ 9 above), Federal Defendants do not own the evidence; they only compile it in accordance with their own detailed internal guidelines (see footnote 2). Federal Defendants' control does not extend to unilaterally deciding when this Court and Plaintiff will have access to the evidence in this case.

11. The AR provided informally by Federal Defendants to Plaintiff (a) appears to have 3,405 documents comprising 45,333 pages; (b) is not organized by subject matter (or in any other manner that Plaintiff can discern); and (c) does not have an Index, Privilege Log or key word search mechanism.

12. Plaintiff needs the evidence (i.e., the AR) as soon as possible. Federal Defendants have already delayed Plaintiff's access to the evidence for too long.

13. If Plaintiff discovers, for example, that the AR as filed does not include the massive evidence described in ¶¶ 45-57 of the Complaint with regard to **Claim 2** (improper political interference; see ¶¶ 2, 5), Plaintiff will file a motion requesting this Court to allow discovery to obtain that evidence. One test of whether the AR includes that evidence is provided by *Humane Society of the U. S. v. Zinke*, 865 F.3d 585 (D. C. Cir. 2017), which involved the issue of whether

Plaintiff's Notice of Motion and Motion To Compel Federal Defendants To File Administrative Record - Lead Case: No. 4:21-cv-00344-JSW

6

a letter from a U.S. Senator to the Secretary of the Interior constituted improper political interference with Federal Defendants' delisting of gray wolves under the ESA.[3]  See Complaint, ¶ 48(c). The issue was briefed by the parties and discussed in the D. C. Circuit's opinion. Id. at 613-14. That letter and related documents also should be in the AR in this case. If they are not in the AR, discovery will be required to add those documents and all other evidence of political interference omitted by Federal Defendants.

14. Federal Defendants object to the grant of this Motion.

WHEREFORE, Plaintiff requests this Court to grant this Motion and order Federal Defendants, within one week after the date of the Order, to (a) file with this Court (i) the AR on electronic media, prepared in full compliance with Federal Defendants' internal AR guidelines and organized for ease of navigation in a logical and readily accessible manner, including an Index, that will allow specific documents to be located quickly, and (ii) a Privilege Log describing in appropriate detail all documents excluded from the AR based on claims of privilege(s) of confidentiality and (b) simultaneously provide the AR, Index and Privilege Log to Plaintiff on electronic media, together with instructions for navigation of the AR.

_Robert H. Aland_

Robert H. Aland, Plaintiff Pro Se

140 Old Green Bay Road
Winnetka, IL  60093-1512
Telephone:  (847) 784-0994
Fax:  (847) 446-0993
rhaland@comcast.net

March 24, 2022

---

[3] The Senator's letter and related documents **were included** in the AR in the *Humane Society* case.

**Certificate of Service**

Plaintiff certifies that on March 24, 2022, he (1) filed the **NOTICE OF MOTION & MOTION TO COMPEL FEDERAL DEFENDANTS TO FILE ADMINISTRATIVE RECORD, [PROPOSED] ORDER** and **DECLARATION OF ROBERT H. ALAND, PLAINTIFF PRO SE** by sending the documents by United Parcel Service, for overnight delivery, to the Clerk of the Court, U.S. Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, who will file the documents by using the CM/ECF System, which will send notice of filing to all counsel of record and (2) simultaneously sent the documents by email to the following counsel of record for Federal Defendants:

- Astrid S. Cervallos [Astrid.Cervallos@usdoj.gov]
- Michael R. Eitel [Michael.Eitel.@usdoj.gov]

*Robert H. Aland*

Robert H. Aland, Plaintiff Pro Se