FILED

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEFENDERS OF WILDLIFE; et al., | No. 21-16382 |
| Plaintiffs-Appellees, | D.C. No. 4:21-cv-00344-JSW<br>Northern District of California, Oakland |
| v. | |
| UNITED STATES FISH AND WILDLIFE SERVICE; DEBRA ANNE HAALAND, U.S. Secretary of the Interior, | ORDER |
| Defendants-Appellees, | |
| and | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA; et al., | |
| Intervenor-Defendants-Appellees, | |
| v. | |
| AMERICAN FARM BUREAU FEDERATION; et al., | |
| Movants-Appellants, | |
| and | |
| AMERICAN FOREST RESOURCE COUNCIL; et al., | |
| Movants. | |

| | |
|---|---|
| WILDEARTH GUARDIANS; et al., | No. 21-16383 |
| Plaintiffs-Appellees, | D.C. No. 4:21-cv-00349-JSW |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR; et al., | |
| Defendants-Appellees, | |
| and | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA; et al., | |
| Intervenor-Defendants-Appellees, | |
| v. | |
| AMERICAN FARM BUREAU FEDERATION; et al., | |
| Movants-Appellants, | |
| and | |
| AMERICAN FOREST RESOURCE COUNCIL; et al., | |
| Movants. | |

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., | No.   21-16384 |
| Plaintiff-Appellee, | D.C. No. 4:21-cv-00561-JSW |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR; et al., | |
| Defendants-Appellees, | |
| and | |
| NATIONAL RIFLE ASSOCIATION OF AMERICA; et al., | |
| Intervenor-Defendants-Appellees, | |
| v. | |
| AMERICAN FARM BUREAU FEDERATION; et al., | |
| Movants-Appellants, | |
| and | |
| AMERICAN FOREST RESOURCE COUNCIL; et al., | |
| Movants. | |

American Farm Bureau Federation, American Sheep Industry Association, National Cattlemen's Beef Association, and Public Lands Council ("Coalition")

3

timely appeal the district court's denial of intervention. We hold that the district court abused its discretion by denying permissive intervention, and we order that the Coalition shall participate as intervenors in the currently pending related appeals.

    1. The district court abused its discretion, <u>Callahan v. Brookdale Senior Living Cmtys., Inc.</u>, Nos. 20-55603 & 20-55761, 2022 WL 3016027, at *5 (9th Cir. July 29, 2022), by denying permissive intervention. Fed. R. Civ. P. 24(b). The Coalition met the prerequisites for intervention: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." <u>Callahan</u>, 2022 WL 3016027, at *7 (quoting <u>Freedom from Religion Found., Inc. v. Geithner</u>, 644 F.3d 836, 843 (9th Cir. 2011)) (internal quotation marks omitted). No party has objected to intervention, either before the district court or before us.

    The U.S. Fish and Wildlife Service was required, when promulgating its Delisting rule, to consider the adequacy of existing state schemes that, in this case, include provisions that distinctly address hunting and agriculture. N.D. Cal. Case No. 21-344, Docket No. 138 at 3, 7, 20, 21 n.11. Accordingly, the Coalition's specific interest in the litigation—ensuring the protection of livestock or compensating for its loss—differs significantly from the interests of the other parties, such as an interest in recreational hunting. Additionally, specialized

knowledge is relevant to assessing the effect of state-specific hunting or agricultural regulatory schemes. In these circumstances, we conclude that the current parties would not "undoubtedly make all of a proposed intervenor's arguments," nor would they be "capable and willing to make such arguments." Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). By failing to consider the divergence of interests and expertise, the district court erred in concluding that the current parties would represent the Coalition's interests adequately.

The additional factors that the district court considered do not warrant discretionary denial. Intervention would not have delayed summary judgment proceedings because the Coalition expressly agreed to follow the briefing schedule. Finally, any additional complexity in docketing was de minimis and could have been mitigated by measures such as citing to only the lead case—or, at least, the district court did not explain why such measures would not have been feasible.

2. We need not, and do not, reach the question whether the district court erred in denying intervention as of right.

3. Given that the district court now has issued final judgments on the merits, the Coalition shall participate as intervenors in the currently pending related appeals, Nos. 22-15529, 22-15532, 22-15534, 22-15535, 22-15536, 22-15537, 22-

15626, 22-15627, 22-15628, including by joining the mediation presently scheduled with our court's mediation department in those appeals.

Oral argument scheduled for September 20, 2022, in San Francisco, California, is vacated. The mandate shall be stayed pending further order of the court.

**REVERSED. Mediation ORDERED. Argument VACATED. Mandate STAYED pending further order of the court.**

FOR AND AT THE DIRECTION OF THE COURT:

MOLLY C. DWYER
CLERK OF COURT


By: Allison Fung
Deputy Clerk
Ninth Circuit Rule 27-7